**Helen HOBBY, etc., Plaintiff,**

v.

**JOHNS–MANVILLE SALES CORPORATION, et al., Defendants.**

**Civ. No. 82–4039.**

United States District Court, S.D. Illinois.

Oct. 7, 1983.

Jim Powless, Marion, Ill., Robert E. Sweeney, Michael Kelley, Cleveland, Ohio, for plaintiff.

Howard Boman, East St. Louis, Ill., for Johns-Manville Sales.

Al J. Pranaitis, Alton, Ill., for Owens Corning Fiberglass Corp.

John C. Shepherd, Belleville, Ill., for Flintkote Co.

C. Patout Ducey, Ducey, Feder & Ducey, Belleville, Ill., for Armstrong Cork Co.

Morris E. Stokes, St. Charles, Mo., for Keene Corp.

Donald R. Morin, Clayton, Mo., Joseph B. McGlynn, Jr., Belleville, Ill., for Celotex Corp.

William P. Gavin, Belleville, Ill., for Raybestos-Manhattan.

Roger M. Scrivner, Baker & Scrivner, Belleville, Ill., Earle B. Leadlove, St. Louis, Mo., Harold Belsheim, Fairview Heights, Ill., for Pittsburg Corning.

Harold Donovan, Donovan, Hatch & Constance, P.C., Belleville, Ill., Martin J. Murphy, Davis & Young Co., Cleveland, Ohio, for Eagle-Picher Industries, Inc.

Jackson R. Hutton, Gary D. Hesser, Danville, Ill., for Nicolet Industries.

James C. Murray, Jr., Barry Parker and Patrick Lamb, Katten, Muchin, Zavis, Pearl & Galler, Chicago, Ill., for GAF.

W.O. Hoefle, Belleville, Ill., George F. Kosta, St. Louis, Mo., for Standard Asbestos/Insulation.

Feirich, Schoen, Mager, Green & Assoc., Carbondale, Ill., for Rockwool Mfg. Co.

Gordon R. Broom, Edwardsville, Ill., for Raymark Industries, Inc.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court are motions for Summary Judgment by the following defendants: Keene Corporation, Armstrong Cork Corporation, Celotex Corporation, Standard Insulation, Inc., Pittsburg Corning, and GAF Corporation. On September 20, 1983, these motions were argued before the Court and several issues were raised regarding the applicable statute of limitations as well as factual questions regarding decedent's alleged exposure to defendants' products. The Court will address the statute of limitations arguments in this order, as these pertain to all defendants.

Some defendants have taken the position that plaintiff's cause of action for wrongful death is barred under the holding of *Lambert v. Village of Summit*, 101 Ill.App.3d 1034, 60 Ill.Dec. 778, 433 N.E.2d 1016 (1st Dist.1981). *Lambert* held that if the statute of limitations for personal injuries has run at the time of decedent's death, no claim for wrongful death can be brought by the estate. In the present case, it is apparent to the Court that Melrose Hobby's cause of action for personal injuries accrued when he was diagnosed as having asbestosis. In the Court's opinion, this occurred in September of 1979, as the deposition of a Dr. Iraj Delfani indicates that he informed Mr. Hobby he had malignant epithelial mesothelioma which was probably caused by asbestos exposure. (*See Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 52 Ill.Dec. 1, 421 N.E.2d 864 (1981) and the cases cited therein which hold a cause of action for asbestosis accrues at the time of diagnosis, i.e. at the time Mr. Hobby "was aware of his illness and its cause." *Mitchell v. United Asbestos Corp.*, 100 Ill.App.3d 485, 55 Ill.Dec. 375, 376, 426 N.E.2d 350, 351 (5th Dist. 1981).) However, if Melrose Hobby's cause of action accrued in September of 1979, the statute of limitations had not run at the time of his death on May 2, 1980, and the narrow holding of *Lambert* is inapplicable. This Court is hesitant to expand the holding of *Lambert* to require plaintiff to bring her cause of action for wrongful death within the statute of limitations applicable to decedent's cause of action for personal injuries. Such a holding would, in effect, make actions brought under the Wrongful Death Act survival actions, thus making the statute of limitations for the Wrongful Death Act meaningless. Moreover, the Illinois Supreme Court has noted that causes of action brought under the Survival Act are of a different nature than those brought under the Wrongful Death Act:

> The statutes were conceptionally separable and different. The one related to an action arising upon wrongful death; the other related to a right of action for personal injury arising during the life of the injured person.

*Murphy v. Martin Oil Co.*, 56 Ill.2d 423, 308 N.E.2d 583, 586–587 (1974).

The different nature of the two statutes does, however, have a bearing on some of plaintiff's claims. In *Mitchell v. United Asbestos Corp.*, 100 Ill.App.3d 485, 55 Ill.Dec. 375, 426 N.E.2d 350 (5th Dist. 1981), an Illinois Appellate Court held that the statute of limitations for survival actions applied to bar the widow's claim for medical expenses, lost earnings and pain and suffering of the decedent. Defendants argue that under the rationale of *Mitchell* plaintiff's claims in the present case would likewise be barred. Since Mr. Hobby's cause of action accrued in September of 1979 and since suit was not filed until February 18, 1982, defendants state that these actions are barred under the applicable sections of the limitations act:

Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or from criminal conversation, shall be commenced within 2 years next after the cause of action accrued.

.     .     .     .     .

If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his or her representations before the expiration of that time, or within one year from his or her death whichever date is the later.

*Ill.Rev.Stat.*, ch. 110, Paragraphs 13–202, 13–209 (1982). Plaintiff argues that her claim for medical and funeral expenses is not governed by the Survival Act, but by the Family Expense Statute. *Ill.Rev.Stat.*, ch. 40, Paragraph 1015 (1981). It seems clear that under Illinois law the widow has a cause of action under the Family Expense Act for medical and funeral expenses. *Saunders v. Schultz*, 20 Ill.2d 301, 170 N.E.2d 163 (1960). However, the issue concerns which statute of limitations is applicable to such actions. Plaintiff cites several cases holding that since the Family Expense Act contains no applicable statute of limitations, actions brought under the Act are governed by the five-year limitation contained in chapter 110, Paragraph 13–205 of the Illinois Revised Statutes: "... all civil actions not otherwise provided for ..." This argument was not addressed in *Mitchell*.

The cases cited by plaintiff, however, predate the enactment of Paragraph 13–203:

Actions for damages for loss of consortium or other actions deriving from injury to the person of another shall be commenced within the same period of time as actions for damages for injury to such other person.

*Ill.Rev.Stat.*, ch. 110, Paragraph 13–203.

Paragraph 13–203 in effect overruled a long line of Illinois cases holding that actions for loss of consortium were governed

by the general five year statute of limitations. In the case of *Mitchell v. White Motor Company*, 58 Ill.2d 159, 317 N.E.2d 505, the issue was whether the two year statute of limitations for personal injuries or the five year general statute of limitations applied to actions for loss of consortium. *Mitchell* cited opinions by Illinois and Federal courts holding the five year statute of limitations rather than the two year statute of limitations for injury to the person applicable to causes of action under the Family Expense Act and claims for loss of consortium. 317 N.E.2d 505 at 506. The Court agreed with the cases holding the five year general statute of limitations applicable to such actions:

It is noted that many of the consequential-damage actions, held by the cases cited in the annotation to be included within the terms "for person injury" or "for injury to the person," are of the same nature as the consequential-damage actions which our appellate courts in the cases cited above have held not to be included within the meaning of this same language as used in our limitations statute. To the contrary, our appellate courts have held that this language in our limitations statute applies only to direct personal injury to the plaintiff. *Our legislature has long acquiesced in this interpretation of this language. We find the inaction of our legislature in the face of the judicial construction which has been given to the meaning of the statute more persuasive than the decisions from the other jurisdictions. The cause of action for loss of consortium is derivative just as the causes of actions considered in the above appellate cases were derivative.*

317 N.E.2d at 507. (emphasis supplied).

■ Paragraph 13–203 seems to show legislative disagreement with the *Mitchell* court's holding. Thus, it appears that actions brought under the Family Expense Act are derivative actions meant to be encompassed by the two year limitations period in Paragraph 13–203. The conclusion that such actions are derivative is but-

tressed by the Illinois Supreme Court's holding in *Mueller v. Sangamo Construction Co.*, 61 Ill.2d 441, 338 N.E.2d 1 (1975) where the court held contributory negligence on the part of the deceased would bar the widow's action for funeral expenses under the Family Expense Act. Thus, under *Mitchell's* interpretation of the Survival Act and under Paragraph 13–203 of chapter 110 of the Illinois Revised Statutes, any claim plaintiff may have for medical expenses, funeral expenses, lost wages or pain and suffering of Mr. Hobby are barred.

Defendants claim that plaintiff's action for loss of consortium is also barred by Paragraph 13–203. Plaintiff's claim for loss of consortium is brought under the authority of *Elliot v. Willis*, 92 Ill.2d 530, 65 Ill.Dec. 852, 442 N.E.2d 163 (1982). Elliot held that the loss of decedent's society was to be considered by the jury in determining "pecuniary injuries resulting from such death" in an action brought under the Wrongful Death Act. *Ill.Rev.Stat.*, ch. 70, § 2 (1981). 65 Ill.Dec. 852, 857, 442 N.E.2d 163, 168. The *Elliot* courts stated that past decisions denying common law actions for loss of consortium brought in addition to a wrongful death claim were based on the assumption that such items of damage were included within the term "pecuniary injuries" found in the Wrongful Death Act. (*See Elliot's* discussion of *Knierim v. Izzo*, 22 Ill.2d 73, 174 N.E.2d 157 (1961), and *Hall v. Gillins*, 13 Ill.2d 26, 147 N.E.2d 352 (1958), 65 Ill.Dec. at 855, 442 N.E.2d at 166). *Elliot* also discussed the purpose of the Wrongful Death Act:

> It is intended to provide the surviving spouse the benefits that would have been received from the continued life of the decedent. The jury should have been instructed that the value of the decedent's companionship and conjugal relations could be considered in computing the damages to be recovered.

65 Ill.Dec. at 857, 442 N.E.2d at 168. The Court reads *Elliot* as holding that plaintiff's request for compensation for loss of consortium is to be considered as an element of damages in cases brought under the Wrongful Death Act. It is not a separate common law action for loss of consortium governed by Paragraph 13–203, but can only be brought pursuant to the Wrongful Death Act. It is therefore governed by the statute of limitations for the Wrongful Death Act and as such it is not time-barred. Common law actions for loss of consortium for the time period between decedent's illness and death would, on the other hand, be barred by Paragraph 13–203, as they are separate actions deriving from the injury rather than the death of another.

Some defendants also claim that under the statute of repose for products liability actions, plaintiff's claim based on strict liability is barred:

> Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession of its initial user, consumer, or other non-seller, whichever period expires earlier, or any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

*Ill.Rev.Stat.*, ch. 110, Paragraph 13–213(b) (1982). Plaintiff, however, claims that subsection (d) of the same paragraph states her cause of action would not accrue until Mr. Hobby knew or should have known of his injury, and that this date is not yet known:

> Notwithstanding the provisions of subsections (b) and (c)(2), if the injury complained of occurs within any of the periods provided by subsections (b) and (c)(2) hereof, the plaintiff may bring suit within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known,

of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred. In any such case, if the person entitled to bring the action was, at the time the personal injury, death or property damage occurred, under the age of 18 years, or under legal disability, or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed.

*Ill.Rev.Stat.*, ch. 110, Paragraph 13–213(d) (1982). Plaintiff, however, ignores the first sentence which states "if the injury occurs within any of the periods provided by subsections (b) and (c)(2) ...." It must first be shown that the injury occurred "within 12 years from the date of the first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller," of the product. *Ill.Rev.Stat.*, ch. 110, Paragraph 13–213(b) (1982). Thus, the relevant issue becomes when the injury occurred. The only Illinois case which gives any guidance as to when the injury in an asbestosis case occurs is *Nolan v. Johns-Manville, supra.* Though *Nolan* dealt with the issue of when a cause of action for asbestos related injuries accrues under the two year statute of limitations for personal injuries, the case relied heavily on the analysis of *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). In *Urie* the United States Supreme Court held that a claim brought under the Federal Employer's Liability Act for injuries due to silicosis did not accrue upon exposure to the injurious substance. 337 U.S. 163 at 169–170, 69 S.Ct. 1018 at 1024–1025. However, the court's analysis went beyond determining accrual of a cause of action for the purposes of the statute of limitations. The Court defined the time of injury, citing language from a California case:

It follows that no specific date of contact with the substance can be charged with being the date of injury, inasmuch as the injurious consequences of exposure are the product of a period of time, rather than a point of time; consequently, the afflicted employee can be held to be "injured" only when the accumulated effects of the deleterious substance manifest themselves....

337 U.S. 163 at 170, 69 S.Ct. 1018 at 1025, *citing Associated Indemnity v. Industrial Accident Commission,* 124 Cal.App. 378, 381, 12 P.2d 1075.

■ The Court believes that the Illinois Supreme Court's reliance on *Urie* indicates that they would follow the manifestation theory in determining when an injury occurs. Determining when the disease manifested itself is a medical judgment which will have to be resolved at trial. Thus, if the defendants can show this claim was not commenced within 12 years from the date of first sale, etc., by a seller or within 10 years from the date of first sale, etc., to the initial consumer of their products, it will be necessary to determine if Mr. Hobby was injured within that time frame for the limitations of Paragraph 13–213(d) to be applicable. Although this result may in effect eliminate a cause of action before it accrues under the discovery doctrine of *Nolan,* this feature of the statute of repose was acknowledged by an Illinois Appellate Court in *Thornton v. Mono Mfg. Co.,* 99 Ill.App.3d 722, 54 Ill. Dec. 657, 425 N.E.2d 522 (2d Dist.1981) and the constitutionality of the statute was upheld.

Accordingly, the Court finds as follows: (1) Summary Judgment is GRANTED in the defendants' favor on the issue of funeral expenses, medical expenses, lost earnings, pain and suffering and any other damages which would be barred by the statute of limitations for the Survival Act or the statute of limitations for the Family Expense Act. (2) Summary Judgment for defendants on the issue of plaintiff's alleged damages for loss of consortium brought under the Wrongful Death Act is hereby DENIED. (3) Summary Judgment for the defendants on the issue of plaintiff's claim based on products liability is hereby DENIED, with the understanding

that judgment on this issue may be granted at a later date if the defendants meet their burden of proof.

IT IS SO ORDERED.