### Jeanne LEAMANCZYK and Jack W. Leamanczyk, Plaintiffs,

### v.

### A.H. ROBINS COMPANY, INC., Defendant.

### No. 84 C 5760.

United States District Court, N.D. Illinois, E.D.

Oct. 25, 1984.

Suzanne M. Metzel, Phelan, Pope & John, Ltd., Chicago, Ill., for plaintiffs.

Donald J. Brown, Jr., Mark L. Karasik, Baker & McKenzie, Chicago, Ill., for defendant.

### MEMORANDUM OPINION

MAROVITZ, District Judge.

*Motion For Partial Summary Judgment*

Plaintiffs Jeanne and Jack Leamanczyk bring this action seeking damages for personal injuries allegedly resulting from Jeanne's use of a Dalkon Shield IUD contraceptive device allegedly manufactured by defendant A.H. Robins Company ("Robins"). Jeanne Leamanczyk has alleged a variety of serious and permanent injuries, while her husband Jack Leamanczyk is seeking damages for loss of consortium. In Counts I and II of the complaint Jeanne seeks to recover damages based upon the theories of strict liability in tort and negligence. Count III of the complaint contains Jack's loss of consortium claim. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1332. Presently pending before the Court is Defendant Robins' motion for summary judgment on Count I pursuant to Federal Rule of Civil Procedure 56.

For the reasons set forth below, defendant's motion is denied.

In July 1973 plaintiff Jeanne Leamanczyk had a Dalkon Shield inserted into her body by her personal gynecologist. The device remained in Mrs. Leamanczyk until February 1982. In July 1983 Mrs. Leamanczyk was hospitalized to determine why she was unable to become pregnant. She underwent surgery which indicated that she was suffering from infertility secondary to blocked fallopian tubes. She was apparently informed at that time that the Dalkon Shield was the cause of her problem. This suit was filed on July 5, 1984.

Robins has moved for summary judgment on Count I claiming that under the Illinois Statute of Repose for products liability actions, Mrs. Leamanczyk's claim based on strict liability is barred. The statute provides in pertinent part:

> Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of the first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

Ill.Rev.Stat., ch. 110, ¶ 13–213(b) (1982). Because this suit was filed in July of 1984, and the first sale to the initial user was in July of 1973, defendant Robins argues that the suit is time barred.

Plaintiffs have countered this argument by citing to subsection (d) of the same paragraph which provides that Mrs. Leamanczyk's cause of action did not accrue until she knew or should have known of her injury.

> Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred.

Ill.Rev.Stat., ch. 110, ¶ 13–213(d) (1982). It is undisputed that Mrs. Leamanczyk first learned of her injury upon her hospitalization in July 1983. Since the complaint was filed within 2 years of that time, the action is not time barred if it has also been brought within 8 years of the date the injury occurred. Thus, the key inquiry becomes when the injury actually occurred.

Neither party has specifically addressed this question. Defendant Robins has stated, without any legal or factual support, that injury occurs upon insertion. On the other side of the coin, plaintiffs argue, again without legal or factual support, that the injury occurred at some undetermined point in time during the 9½ years that the device was inside Mrs. Leamanczyk's body.

The Court has found no Illinois cases directly determining the point in time that injury occurs in a Dalkon Shield case. In an analogous situation, Chief Judge Foreman concluded that the Illinois Supreme Court would follow the manifestation theory in determining when an injury occurs in an asbestosis case. *Hobby v. Johns-Manville Sales Corp.*, 573 F.Supp. 53 (S.D.Ill. 1983). The manifestation theory stems from the United States Supreme Court's decision in *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), in which the Court held that a claim brought under the Federal Employer's Liability Act for injuries due to silicosis did not accrue upon exposure to the injurious substance. The Court stated:

> It follows that no specific date of contact with the substance can be charged with

being the date of injury, inasmuch as the injurious consequences of exposure are the product of a period of time, rather than a point of time; consequently, the afflicted employee can be held to be "injured" only when the accumulated effects of the deleterious substance manifest themselves....

*Urie*, 337 U.S. at 170, 69 S.Ct. at 1025.

This Court agrees with Judge Foreman's analysis of Illinois law and concludes that the Illinois Supreme Court would also follow the manifestation theory in a Dalkon Shield case. The similarities between the Dalkon Shield cases and the asbestosis cases are readily apparent. Indeed, the Seventh Circuit has classified both types of cases as "progressive disease cases". *See Hansen v. A.H. Robins Co., Inc.*, 715 F.2d 1265, 1267 (7th Cir.1983). Moreover, there may be more reason for rejecting Robins' insertion argument in the Dalkon Shield case than in the asbestosis case. As *Kristeller v. A.H. Robins, Inc.*, 560 F.Supp. 831 (N.D.N.Y.1983), points out, it could possibly be assumed that in the asbestosis situation the harmful substance taken into the body by inhalation acts immediately upon tissues of the body and causes immediate injury. There is no basis in reason to assume that disease begins immediately upon the insertion of a Dalkon Shield. Unlike asbestos dust, a Dalkon Shield is not, in and of itself, harmful.

In summation, the Court concludes that the Illinois Supreme Court would follow the manifestation theory in determining when injury occurs in a Dalkon Shield case. The current record contains no facts upon which the Court can determine at what point the disease manifested itself. Such a determination is a medical judgment which may have to be resolved at trial. *Hobby*, 573 F.Supp. at 58. The Court therefore cannot determine, at this time, whether the action has been brought within 8 years of the date of injury. Accordingly, Defendant Robins' motion for partial summary judgment is denied.