Marilyn J. REICHERT, individually, and Marilyn J. Reichert, Administrator of the Estate of Robert L. Reichert, Deceased, Plaintiffs,

v.

FORD MOTOR COMPANY and Allied–Signal, Inc. d/b/a Bendix Safety Restraints, Defendants.

FORD MOTOR COMPANY, Third–Party Plaintiff,

v.

Michael SLUSSER, Third–Party Defendant.

No. 91–00292–WDS.

United States District Court, S.D. Illinois.

July 17, 1991.

Mark C. Scoggins, Crowder & Scoggins, Columbia, Ill., for Marilyn J. Reichert.

Joseph B. McGlynn, Jr., McGlynn & McGlynn, Belleville, Ill., for Ford Motor Co.

Thomas F. Hennessy, III, Thompson & Mitchell, Belleville, Ill., for Allied–Signal, Inc.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is defendant Allied Signal, Inc.'s motion to dismiss Counts V, VI, VII, and VIII of plaintiff's second amended complaint as time barred. In this action, plaintiff alleges that her husband, Robert L. Reichert (Reichert), suffered serious injuries, from which he ultimately died, when seat belts failed to properly restrain him in a motor vehicle collision. The accident occurred on March 5, 1987, and Reichert died on March 26, 1989.

## COUNT V

In Count V, plaintiff seeks damages for Reichert's loss of money which would have otherwise accrued to him, and for the pain and anguish from which Reichert suffered prior to his death.

As to Count V, Allied argues that plaintiff's cause of action arose on March 8, 1987, and that the second amended complaint, which first joined Allied, was filed on March 4, 1991, well outside of the two year statute of limitations governing personal injury lawsuits. Ill.Rev.Stat. ch. 110, ¶ 13–202.

In response, plaintiff argues that Reichert was incompetent from the time the action accrued until his death on March 26, 1989. Paragraph 7 of Count V alleges that "[b]y reason of the injuries [Reichert] was rendered completely mentally incompetent and incapable [and] was hindered and prevented from attending to his duties and affairs." (Second Amended Complaint, Count V, ¶ 7). As a result of decedent's mental incompetence, plaintiff argues that the statute of limitations was tolled until the disability was removed at Reichert's death.

The tolling provision of Ill.Rev.Stat. ch. 110, ¶ 13–211 states: "If the person entitled to bring the action, specified in sections 13–201 through 13–210 of this Act, at the time the cause of action accrued, is under ... legal disability, he or she may bring the action within 2 years after the ... disability is removed." *Id.*

In the case at bar, the Court finds that plaintiff has sufficiently alleged that Reichert was under a legal disability until his death on March 26, 1989. Furthermore, Ill.Rev.Stat. ch. 110, ¶ 13–203 states:

Actions for damages for loss of consortium or other actions deriving from injury to the person of another ... shall be commenced within the same period of time as action for damages to such other person.... Where the time in which the cause of action of the injured person whose injuries give rise to the cause of action brought under this Section is tolled by any other section of this Act, including Section 13–211 ... the time in

which the cause of action must be brought under this Section is also tolled or extended to coincide with the period of time in which the injured person must commence his or her cause of action. Id.

Accordingly, the Court finds that the statute of limitations as to Count V of the second amended complaint did not expire until March 26, 1991. Therefore, Count V of the second amended complaint was timely filed on March 4, 1991. For the above stated reasons, Allied's motion to dismiss Count V of the second amended complaint is DENIED.

## COUNT VI

In Count VI, plaintiff seeks damages for loss of consortium by reason of the injuries suffered by Reichert. Allied argues that this action is time barred because it was not filed within two years of the death of Reichert. Plaintiff argues that the cause of action was tolled under ¶¶ 13–203, 13–211.

According to *Hobby v. Johns–Manville Sales Corp.*, 573 F.Supp. 53 (S.D.Ill.1983), "[c]ommon law actions for loss of consortium for the time period between decedent's illness and death [is governed] by paragraph 13–203, as they are separate actions deriving from the injury rather than the death of another." *Id.* at 57. In this case, the Court finds the allegations in Count VI state a common law action for loss of consortium for the time period between decedent's injury and death and is governed by ¶ 13–203. Because ¶ 13–203 allows actions to be tolled pursuant to ¶ 13–211, the Court finds that Count VI of the second amended complaint was timely filed. Accordingly, Allied's motion to dismiss Count VI of the second amended complaint is DENIED.

## COUNT VII

Count VII seeks damages for wrongful death. Allied argues that Count VII is barred by the statute of limitations because the claim for personal injuries in Count V is time barred. The Court has previously

ruled, however, that Count V was timely filed.

 Additionally, the Illinois Wrongful Death Act provides that such actions should be commenced within two years after the death of such persons. Ill.Rev.Stat. ch. 70, ¶ 2(c). Therefore, Count VII was timely filed, and Allied's motion to dismiss Count VII of the second amended complaint is DENIED.

## COUNT VIII

 Count VIII seeks damages under the Family Expense Act, Ill.Rev.Stat. ch. 40, ¶ 1015. Allied argues that Count VIII should be dismissed for the previously discussed reasons.

"[A]ctions brought under the Family Expense Act are derivative actions meant to be encompassed under the two year limitations period in Paragraph 13–203." *Hobby*, 573 F.Supp. at 56.

As noted above, ¶ 13–203 provides for a tolling period pursuant to ¶ 13–211. Therefore, Count VIII was timely filed, and Allied motion to dismiss Count VIII of the second amended complaint is DENIED.

In summary, defendant Allied Signal Inc.'s motion to dismiss Counts V, VI, VII, and VIII of the second amended complaint is DENIED.

Allied has also moved for a more definite statement. The Court finds, however, that the second amended complaint is not so vague or ambiguous that Allied cannot respond. Accordingly, Allied Signal, Inc.'s motion for a more definite statement is DENIED.

IT IS SO ORDERED.