(No. 46242.—

SHIRLEY MITCHELL *et al.,* Appellees, v. WHITE MOTOR COMPANY *et al.*—(White Motor Co., Appellant.)

*Opinion filed February 27, 1974.*

Harold A. Donovan and Dennis E. Rose, of Brady, Donovan & Hatch, of Belleville, for appellant.

John E. Norton, of Belleville (Edward J. Kionka, of counsel), for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

Shirley and Kenneth Mitchell brought this action in the circuit court of St. Clair County for damages arising from injuries sustained by Kenneth Mitchell when the hood of a truck manufactured by the defendant fell upon

him. The complaint was filed more than two but less than five years after the accident occurred. In count I of the complaint, which is involved here, Shirley Mitchell, herein referred to as plaintiff, seeks to recover for loss of her husband's services and consortium. Upon motion of the defendant, the circuit court dismissed count I, holding that it was barred by the statute of limitations. The Appellate Court for the Fifth District reversed and remanded, holding that the action was timely filed. (13 Ill. App. 3d 872.) We granted leave to appeal.

The sole question before us is which statute of limitations is applicable to a wife's action for loss of her husband's services and consortium resulting from his personal injuries. Defendant contends that the two-year statute of limitations applicable to "actions for damages for an injury to the person" (Ill. Rev. Stat. 1967, ch. 83, par. 15) must be applied. The plaintiff argues that the five-year statute of limitations pertaining to actions for "damages for an injury done to property, real or personal, *** and all other civil actions not otherwise provided for" (Ill. Rev. Stat. 1967, ch. 83, par. 16) should be applied.

In addition to the appellate decision in the instant case, this question has been decided by three other courts in Illinois. In *Hockett v. American Airlines, Inc.* (N.D. Ill. 1973), 357 F. Supp. 1343, and *Johnson v. Hi-Way Dispatch, Inc.* (E.D. Ill. 1972), 352 F. Supp. 929, the Federal district courts held that under Illinois law the five-year statute of limitations applied to actions for loss of consortium. However, in *Kolar v. City of Chicago,* 12 Ill. App. 3d 887, the First District Appellate Court held that the two-year statute should be applied to such cases.

The defendant here argues that since Shirley Mitchell's claim arose from a personal injury to her husband, the elements of her claim are the same as the elements in an action for personal injuries, and since the policy considerations requiring prompt litigation of claims are the same as in a personal injury action, logic dictates that the two-year

statute be applied. Defendant also argues that loss of consortium is more properly characterized as an injury to the person of the plaintiff rather than as an injury to her property. However, in a series of cases appellate courts in this State have held that where a plaintiff's cause of action arises from a personal injury to a third person, but does not involve a *direct physical injury to the person* of the *plaintiff,* the five-year statute of limitations should be applied.

In *Doerr v. Villate,* 74 Ill. App. 2d 332, a woman who gave birth to a ·retarded and physically deformed child, after a sterilization operation had been performed on her husband to prevent future child-bearing by the couple, sued the surgeon who performed the operation for medical expenses. She alleged that the doctor had breached his promise that the operation would prevent future conception. The court held that since plaintiff's action did not arise from direct physical or mental injury to her, the five-year statute of limitations was applicable rather than the two-year statute.

*Desiron v. Peloza,* 308 Ill. App. 582, and *O'Leary v. Frisbey,* 17 Ill. App. 553, were both dramshop actions in which plaintiffs were suing for the loss of support of an injured person. The statute under which these actions were brought did not then contain its own limitation period. Although the actions arose from a physical injury to a third person, in both instances the court held that the five-year statute was applicable.

In *Bassett v. Bassett,* 20 Ill. App. 543, a wife sued her husband's father alleging that he had enticed her husband to separate from her thus depriving her of his "society, affection, protection and support." The court applied the five-year statute of limitations rather than the two-year statute since the case did not involve direct physical injury to the plaintiff. See also *Seymour v. Union News Co.* (7th Cir. 1954), 217 F.2d 168; *Roth v. Lundin,* 237 Ill. App. 456; *Waller v. City of Chicago,* 11 Ill. App. 209.

There is a substantial amount of authority from other jurisdictions which holds that the term "for injury to the person" or "for personal injury" is broad enough to include consequential damages arising to another as a result of a personal injury. However, most cases arrive at a contrary conclusion when the language used is "for bodily injuries," a distinction we fail to perceive. For a collection of these cases see an annotation in 108 A.L.R. 525 (1937). As stated in *Kraut v. Cleveland Ry. Co.* (Ct. App. 1936), 132 Ohio St. 125, 128, 5 N.E.2d 324, 326, 7 Ohio Op. 226, 228, "There are many authorities which throw more or less light on the question involved but it is difficult if not impossible to reconcile all of them."

It is noted that many of the consequential-damage actions, held by the cases cited in the annotation to be included within the terms "for personal injury" or "for injury to the person," are of the same nature as the consequential-damage actions which our appellate courts in the cases cited above have held not to be included within the meaning of this same language as used in our limitation statute. To the contrary, our appellate courts have held that this language in our limitation statute applies only to direct personal injury to the plaintiff. Our legislature has long acquiesced in this interpretation of this language. We find the inaction of our legislature in the face of the judicial construction which has been given to the meaning of the statute more persuasive than the decisions from the other jurisdictions. The cause of action for loss of consortium is derivative just as the causes of action considered in the above appellate cases were derivative. Also, this type of action is based not on an injury to the plaintiff's person but on an injury to a personal relationship established by the marriage contract. We think that it is the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply. Where, as here, plaintiff has suffered no direct physical or mental

injury the two-year statute is inapplicable.

There are many provisions relating to limitations on specific actions contained in the sections of the statute concerning limitation on the commencment of personal actions. (Ill. Rev. Stat. 1967, ch. 83, pars. 13 through 24(g).) However, the only general limitation provision is found in section 15 (Ill. Rev. Stat. 1967, ch. 83, par. 16), which provides that "actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, *and all civil actions not otherwise provided for,* shall be commenced within 5 years next after the cause of action accrued." (Emphasis added.) We conclude that the cause of action for loss of consortium is governed by the italicized portion of the above-quoted section as a civil action not otherwise provided for in the statute relating to limitations on the commencement of personal actions.

Application of the two-year statute would not, as defendant believes, result in uniformity in the limitations period applicable to personal injury actions and the derivative actions for loss of consortium. In *Berry v. G. D. Searle & Co.,* 56 Ill.2d 548, we recently held that in a breach-of-warranty action for personal injuries, the Uniform Commercial Code four-year statute of limitations (Ill. Rev. Stat. 1969, ch. 26, par. 2—725(1)) applied rather than the two-year tort statute. Thus application of the two-year statute to actions for loss of consortium in some situations could have the effect of barring those actions before the action of the injured spouse was barred. This illustrates that, although actions for personal injuries and actions for loss of consortium may derive from the same operative facts, they are legally distinct.

For these reasons we find that this action was timely filed and the judgment of the appellate court is affirmed.

*Judgment affirmed.*