DENNIS SCHREIBER, Plaintiff-Appellant, *v.* EASTERN AIRLINES, INC., Defendant-Appellee.

First District (1st Division)   No. 62259

Opinion filed May 5, 1976.

Stradford, Lafontant, Fisher & Malkin, of Chicago (Herbert H. Fisher and Douglas Polsky, of counsel), for appellant.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (Irving G. Swenson and William J. Monahan, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

On December 9, 1974, Dennis Schreiber (plaintiff) filed a two-count complaint against Eastern Airlines, Inc. (defendant), for injuries allegedly received on July 14, 1972, when defendant's employee spilled a container of hot coffee on plaintiff during a flight between Miami and Chicago. Defendant filed a motion to dismiss the complaint principally contending that more than two years had elapsed from the date of injury to commencement of this action. Defendant asserted that the action was barred under section 14 of the Limitations Act. (Ill. Rev. Stat. 1973, ch. 83, par. 15.) The trial court granted defendant's motion and dismissed both counts of the complaint. Although plaintiff was afforded ample time to file an amended complaint, he elected to appeal. The sole issue presented is whether the two-year limitation period for filing of personal injury claims set forth in section 14 of the Limitations Act is applicable or whether a longer period of time is permitted.

Count I of the complaint alleged that plaintiff had purchased a ticket from defendant whereby the latter warranted to carry plaintiff safely to his destination. Plaintiff asserted that this warranty was breached and he was severely injured as a result of the incident occurring in transit wherein

the coffee was spilled on him. Count II basically repeated the same factual allegations but claimed that defendant, through its employee, had acted negligently toward plaintiff. Both counts sought $75,000 in damages for hospital and medical care as well as the "severe physical and emotional pain, suffering and disability" sustained by plaintiff. Plaintiff does not contest the correctness of the trial court's disposition relating to Count II of the complaint.

In this court plaintiff maintains that section 16 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 17), which sets forth a 10-year limitation period for actions accruing on breach of written contracts, is applicable for damages which "arise from a bodily injury." He claims that an implied warranty arises out of a common carrier's written contract when it issues a ticket for transit.

■■ We note that this theory of recovery differs from that advanced in the trial court where plaintiff maintained only that section 15 of the Limitations Act was pertinent to his position. (Ill. Rev. Stat. 1973, ch. 83, par. 16.) Section 15 provides a five-year limitation period for damages resulting from breach of an unwritten contract. Such a change of theory upon review is not permitted and the applicability of section 16, therefore, is not properly before the court. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.

Moreover, the record does not contain the written contract upon which plaintiff now relies and this would appear to be contrary to section 36 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 36.) No reason for noncompliance with this requirement has been proferred. Plaintiff was afforded an opportunity to amend his complaint whereby he may have sought other relief but he did not do so. (See *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723.) Under such circumstances we conclude further consideration of plaintiff's position in this regard is unwarranted.

■■ Examination of decisions in this State indicates that the limitation period is to be determined by the type of injury sustained. In *Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 317 N.E.2d 505, our Supreme Court held that a five-year limitation period was applicable to an action for loss of consortium. The court said, "We think that it is the nature of plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply. Where, as here, plaintiff has suffered no direct physical or mental injury the two-year statute is inapplicable." (58 Ill. 2d 162, 163.) Conversely, in the present case plaintiff seeks recovery for direct physical and mental injury allegedly sustained as a result of defendant's conduct. See also *Handtoffski v. Chicago Traction Co.* (1916), 274 Ill. 282, 286, 288, 113

N.E. 620; *Hundt v. Burhans* (1973), 13 Ill. App. 3d 415, 300 N.E.2d 318, *leave to appeal denied*, 54 Ill. 2d 597.

In addition, the Supreme Court has recognized that tort liability and liability created by an implied warranty, as alleged in the present case, are similar. (*Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 558, 309 N.E.2d 550.) Consideration of the complaint filed in this case clearly demonstrates that plaintiff has sought damages for personal injury based not only on a tort theory of recovery but also upon the theory of breach of implied warranty. Therefore, the general two-year period set forth in section 14 of the Limitations Act is applicable and plaintiff did not commence his action within the appropriate period. Accordingly, the judgment of the circuit court dismissing the complaint is affirmed.

Judgment affirmed.

BURKE and O'CONNOR, JJ., concur.