*In re* MARRIAGE OF RONALD L. CARNEY *et al.*—(RONALD L. CARNEY, Petitioner-Appellee, *v.* GAIL ELLEN CARNEY, Respondent-Appellant.)

Fourth District   No. 14904

Opinion filed January 23, 1979.

John A. Lambright, of Danville, for appellant.

Walker, Gende, Hatcher, Doyle & Giamanco, of Danville (Richard J. Doyle and Pamela S. Howell, of counsel), for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The defendant wife appeals from that portion of a decree for dissolution of marriage which disposes of marital property and provides maintenance for a minor child according to the provisions of a purported written post-nuptial settlement agreement.

The issues are beclouded by the tensions and conflicts arising by reason of the fact that the purported settlement, the complaint for dissolution of marriage and defendant's answer were drafted in the first one-half of 1977, but the evidence was heard and the decree framed after the effective date of the present statute, October 1, 1977.

The agreement, dated February 11, 1977, was drawn by an attorney for the plaintiff husband and essentially divided items of personal property in kind, providing that custody of a daughter, aged 15, be in the wife and with the husband to pay $20 per week for child support.

The marital residence was held in joint tenancy and was situated on 2½ acres of ground. The agreement provided that the husband should receive the residence, except that the wife was to receive a parcel measuring 210 feet by 100 feet to be described by a subsequent survey.

The agreement provided:

"[T]his agreement shall be in force and effect upon the signing hereof and in the event that the marriage between the husband and

wife is actually terminated upon the entry of a Decree of Divorce by a court of competent jurisdiction, this agreement shall be incorporated in and be made a part of said Decree of Divorce.

23. This agreement is entered into with full knowledge that each of the parties has a separate estate, and no claim or demand can be predicated upon the fact that there has been any misrepresentation or concealment as to the amount and condition of either separate estate. * * *."

The subsequent acts of the parties and the pleadings of plaintiff disclose a substantial uncertainty and contradiction as to the meaning and effect of the agreement. In March, the husband's counsel sent the wife a copy of a complaint for divorce and an entry of appearance and an accompanying letter requested that she take the documents to an attorney, as required by local rule of court, together with the settlement agreement. That letter, dated March 25, 1977, contained the following:

"It is my understanding that both you and Ron have agreed that there are no changes in the Post Nuptial Agreement which I previously prepared on your instructions, and that this is the agreement that will be presented to the Court for final approval. If I am mistaken in this matter, please feel free to contact me immediately so that we might discuss this matter further."

The evidence shows that after consulting with an attorney, the wife refused to sign the entry of appearance and in April filed a suit for the partition of the marital real estate. The wife testified that the attorney told her that the settlement agreement was unfair.

The husband thereafter filed suit for divorce on June 10, 1977. That pleading made no allegation or other reference to the purported settlement, but alleged a special equity in the marital real estate, and prayed that the wife be required to convey her interest therein for such reason. The complaint also prayed that the custody of the daughter be awarded to the wife and that the husband be required to pay a suitable and sufficient sum for child maintenance. The complaint further prayed that the court enter "an order declaring the rights, duties and obligations of the parties in their real and personal property in whatever fair and equitable manner it sees fit."

The wife answered the complaint by denying that the husband had special equities in the real estate.

At the hearing held for the disposition of property, the husband had new counsel appearing in his behalf and the attorney who drafted the agreement and the complaint and who appeared in the dissolution hearing withdrew. The latter, together with a law partner, thereafter testified to the circumstances of the signing of the agreement.

The wife's counsel insisted that the parties should first proceed to

hearing on the issues raised in the partition suit, arguing that it was first filed and raised issues that the agreement was signed at a time when she did not have an attorney and that she was not advised of her rights as a joint tenant; that the division of real estate was unfair in terms of value; that the husband breached the contract and that such agreement was inherently unfair.

The husband's counsel stated that the real estate in partition was controlled by the post-nuptial agreement so that there was no issue of partition to be determined. The trial court overruled the wife's objection stating that distribution through the divorce decree might make unnecessary a hearing and decree in partition. Thus, for the first time, the issue of the agreement between the parties was introduced into the divorce proceedings.

At the close of the testimony the wife objected to the admission of the agreement into evidence for the reason that it was not an issue raised in the pleadings in the divorce action. The trial court stated that he "would assume that the agreement is the basis of the special equity." The special equity pleaded was actually otherwise, i.e., that the husband had constructed the marital home with his own hands, using his own resources, and that title was placed in joint tenancy for purposes of convenience.

The trial court thereafter entered a decree substantially disposing of the marital property as provided in the agreement with additional findings that there was a sufficient valid consideration for the agreement and it was not unconscionable.

The statute in effect provides that a court having jurisdiction for dissolution of marriage may upon petition of one of the parties hear and decide an action for partition. (Ill. Rev. Stat. 1977, ch. 40, par. 514.) The husband did not so petition. It is reasonable to conclude that the wife relied upon the allegations of the complaint and answer as framing the issues for the hearing on property rights.

The wife raises the issue that it was error to admit the "agreement" into evidence for want of compliance with section 36 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 36), which requires that where a claim or defense is founded upon a written instrument, such must be attached to the pleading, or the relevant portions of the document be recited therein. Upon the facts of this case we agree.

Plaintiff argues that the procedural statute does not apply for the reason that the cause of action for divorce was not founded upon a written instrument, i.e., the property settlement. That statement is not correct, for as to that portion of the dissolution proceedings which disposes of the property rights of the parties, this decree is bottomed upon such agreement.

Plaintiff seeks to argue waiver of the issue by reason of a failing to attack the pleadings prior to trial, or to make objections. The argument is specious, for prior to the commencement of this particular hearing, the complaint made no mention or reference to any property agreement of the parties. Again, the wife's counsel opened and closed his participation in the hearing with objection to proceeding to hear the property interest upon the basis of the agreement. Upon this state of the record, there is little credence to plaintiff's argument that there was no surprise as to the nature of the proceedings concerning property rights.

The relief prayed in the complaint for an equitable division of property is not supported by the evidence introduced to support the decree entered. Upon the issues under the complaint and answer, an equitable division of the property would be measured by the statutory standards found in section 503(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)):

"(1) the contribution or dissipation of each party in the acquisition, preservation, or depreciation or appreciation in value, of the marital and non-marital property, including the contribution of a spouse as a homemaker or to the family unit;

(2) the value of the property set apart to each spouse;

(3) the duration of the marriage;

(4) the relevant economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home, or the right to live therein for reasonable periods, to the spouse having custody of the children;

(5) * * *;

(6) any antenuptial agreement of the parties;

(7) the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties;

(8) * * *;

(9) whether the apportionment is in lieu of or in addition to maintenance; and

(10) the reasonable opportunity of each spouse for future acquisition of capital assets and income."

The ruling of the trial court had the result of barring a hearing upon the issues raised in the partition suit, including plaintiff's affirmative defense that the purported agreement was an agreement not to partition and proceeded to hear the cause and entered a decree based upon evidence as to issues which were not presented by the pleadings. We must conclude that the trial court clearly abused its discretion in admitting the

settlement agreement into evidence and entering a decree founded upon such evidence. See *Schreiber v. Eastern Airlines, Inc.* (1976), 38 Ill. App. 3d 556, 348 N.E.2d 218.

In the light of the error in the proceedings resulting in the decree, it is unnecessary to review the finding of the trial court and the arguments of counsel upon the issue of whether the agreement was unconscionable and that there was adequate consideration for the agreement.

The decree provided for child support in the amount, $20 per week, alleged in the complaint. That was also the amount stated in the alleged settlement. Section 505 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 505) states the critical factors to be considered by the trial court in fixing child support, *i.e.*:

"(1) the financial resources of the child;

(2) the financial resources and needs of the custodial parent;

(3) the standard of living the child would have enjoyed had the marriage not been dissolved;

(4) the physical and emotional condition of the child, and his educational needs; and

(5) the financial resources and needs of the noncustodial parent or parents."

Section 502 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 502) expressly provides that an "agreement" for support and visitation shall not be binding on the court. The evidence that was introduced clearly shows needs of the child exceeding the amount awarded for support.

For the several reasons stated, the decree is reversed and the cause remanded for further proceedings not inconsistent with the views expressed.

Reversed and remanded with directions.

CRAVEN and MILLS, JJ., concur.