ALLEN STOLTZNER, Plaintiff-Appellant, *v.* AMERICAN MOTORS JEEP CORPORATION, INC., *et al.,* Defendants-Appellees.

First District (5th Division)   No. 83—1563

Opinion filed September 28, 1984.

Louis Hilfman, of Louis Hilfman, Ltd., of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Norman J. Barry, Jr., and Paul B. O'Flaherty, Jr., of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This is an appeal from the dismissal of plaintiff Allen Stoltzner's complaint seeking compensation for personal injuries against defendants American Motors Jeep Corporation, American Motors Sales Corporation and Des Plaines AMC Jeep. The sole issue presented for review is whether plaintiff's breach of warranty claim was barred by the applicable statute of limitations. We accept all well-pleaded facts as true.

On April 12, 1977, plaintiff purchased a new Jeep. Defendants extended to plaintiff a written warranty providing in part:

"*** Jeep Corporation warrants to you that for 12 months or 12,000 miles from the date of delivery or first use, whichever comes first, it will, except for tires, pay for the repair or replacement of any part it supplies which proves defective in material or workmanship under normal use and service ***. No other express warranty is given or authorized by Jeep Corporation. Jeep Corporation disclaims any implied warranty of MERCHANTABILITY or FITNESS for any period beyond the express warranty, and shall not be liable for loss or use of vehicle, loss of time, inconvenience, or other incidental or consequential damages."

On August 3, 1977, the Jeep rolled over and plaintiff was seriously injured. Plaintiff filed his complaint on July 31, 1981.

Defendants filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) and stated that plaintiff's claims were barred by the applicable statutes of limitations. Plaintiff conceded the bar as to a separate claim sounding in tort, and that claim forms no part of this appeal. With respect to his breach of warranty claim, plaintiff argued that defendants' written warranty delayed the accrual of his cause of action until the breach should have been discovered; he stated by affidavit that he discovered the Jeep's propensity to overturn three years after the accident. The trial court granted the motion to dismiss, and plaintiff appeals.

OPINION

■ Section 2—725 of the Uniform Commercial Code (the Code) provides in pertinent part:

"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, *except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 26, par. 2—725.)

This section governs personal injury actions based on breach of warranty, and represents a substantial extension of the filing period for such actions, hence the provision should be construed literally. *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 554-56, 309 N.E.2d 550.

Here, delivery occurred on April 12, 1977, and the action commenced on July 31, 1981, more than four years later. Therefore, plaintiff's suit was barred unless the warranty explicitly extended to future performance of the Jeep. Plaintiff argues that defendants' express warranty for 12 months or 12,000 miles, coupled with their express disclaimer of implied warranties "for any period beyond the express warranty," amounted to an explicit extension of the warranties of merchantability and fitness to future performance for that per-

iod.

In *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, our supreme court considered, *inter alia,* the exception to the Code's limitation period. The *Moorman* court approved appellate decisions which reasoned that accrual of an action is not delayed "merely because it is reasonable to expect that a warranty of merchantability extends for the life of a product" (91 Ill. 2d 69, 93, 435 N.E.2d 443), and the court adopted an oft-quoted definition of "explicit" as "[n]ot implied merely, or conveyed by implication; distinctly stated; plain in language; clear; not ambiguous; express; unequivocal." (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 93-94, 435 N.E.2d 443; see also *Beckmire v. Ristokrat Clay Products Co.* (1976), 36 Ill. App. 3d 411, 413, 343 N.E.2d 530; *Binkley Co. v. Teledyne Mid-America Corp.* (E.D. Mo. 1971), 333 F. Supp. 1183, 1186-87, *aff'd* (8th Cir. 1972), 460 F.2d 276. But see Black's Law Dictionary 519 (5th ed. 1979).) The supreme court held that defendant's express warranty, "Tank designed to withstand 60 lbs. per bushel grain and 100 m.p.h. winds," did not explicitly extend to future performance, and plaintiff's action was barred.

■ Although factual differences exist, we believe that the principles enunciated in *Moorman* are dispositive of the case at hand. In order to accept plaintiff's position, one must infer from the disclaimer of implied warranties after the express warranty period that the implied warranties were extended to performance during such period. Plaintiff posits that no other inference is possible; defendants argue that the inference is not even reasonable, given the contextual restriction and negation of both express and implied warranties, and we are inclined to agree. Even accepting for the sake of argument that the "disclaimer-after, therefore extension-during" inference is reasonable, the exception to section 2—725 requires more than a reasonable inference—it requires a distinct statement.

■ Moreover, we are persuaded by the weight of authority in other jurisdictions holding that implied warranties by definition cannot explicitly extend to future performance. (See *Stumler v. Ferry-Morse Seed Co.* (7th Cir. 1981), 644 F.2d 667 (interpreting Indiana U.C.C.); *Holdridge v. Heyer-Schulte Corp.* (N.D.N.Y. 1977), 440 F. Supp. 1088, 1100-04 (interpreting New York U.C.C.); *General Motors Corp. v. Tate* (1974), 257 Ark. 347, 516 S.W.2d 602; *Grand Island School District v. Celotex Corp.* (1979), 203 Neb. 559, 279 N.W.2d 603.) The Code's "salutary attempt to establish uniformity among the various jurisdictions" (*Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 553, 309 N.E.2d 550) suggests a consonant interpretation, and

we believe that good reason supports the result. Implied warranties arise by operation of law unless explicitly negated or restricted by the parties. (See Ill. Rev. Stat. 1981, ch. 26, pars. 2—314, 2—315, 2—316(2).) The exception to section 2—725 would swallow the rule if courts interpreted an attempt to disclaim implied warranties as an explicit extension to future performance. Therefore, we hold that defendants' written warranty which disclaimed implied warranties did not constitute an explicit extension so as to delay accrual of plaintiff's cause of action.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN and O'CONNOR, JJ., concur.