**CITY OF CARLISLE, Appellee,**

v.

**Scott FETZER a/k/a the Scott & Fetzer Company, Appellant.**

No. 85–336.

Supreme Court of Iowa.

Feb. 19, 1986.

David Swinton of Ahlers, Cooney, Dor-
weiler, Haynie, Smith & Allbee, Des
Moines, for appellant.

Robert L. Stuyvesant of Schooler, Stuy-
vesant & Benton, Carlisle, for appellee.

Considered by REYNOLDSON, C.J., and
McGIVERIN, LARSON, CARTER, and
WOLLE, JJ.

REYNOLDSON, Chief Justice.

Trial court denied a motion for summary judgment filed by defendant Scott Fetzer in response to plaintiff City of Carlisle's petition, which alleged breach of implied warranties in the sale of a street sweeper the defendant manufactured. We granted defendant's application to appeal, and now reverse and remand.

Plaintiff's petition, filed June 1, 1984, alleged it purchased the new "Stahl tow sweeper" in 1978. Plaintiff further alleged that during the 1978 summer plaintiff attempted to use the machine and "not only did the tow sweeper fail to clean the streets ... but it in fact continued to malfunction and break down to the point that it was impossible to use the tow sweeper at all." Plaintiff pleaded that defendant impliedly warranted the sweeper was safe, fit, and suitable for the cleaning of streets; it was not fit for its intended purpose; and plaintiff had complained to the retailer concerning this failure several times in 1978 and 1979. Damages, plaintiff asserted, were in the sum of $9,400, the purchase price of the sweeper.

Defendant answered, setting up several defenses including the statute of limitations, and then filed motion for summary judgment. The accompanying statement of undisputed facts emphasized those events showing plaintiff's petition was filed more than five years after delivery of the sweeper.

Resisting the motion, plaintiff alleged it "did not and could not discover that the Stahl tow sweeper was unrepairable until the latter part of 1983," and the statute of limitations "did not start to run until the determination and discovery by the plaintiff of the unrepairability of the sweeper." These allegations were supported in part by an attached affidavit of the supervisor of plaintiff's water and street department, who also stated the City "used the tow sweeper only intermittently in 1978 and 1979 because of weather, personnel problems and problems with the sweeper."

In its brief filed in district court, and here, plaintiff concedes the Iowa Code section 614.1(4) five-year statute of limitations applies to its action for breach of implied warranties and its petition was filed more than five years after tender of delivery of the sweeper. Plaintiff seeks to avoid adverse judgment, however, by asserting the discovery clause in Iowa Code section 554.-2725(2) saves its action, at least to the extent of generating a genuine issue of material fact regarding the date on which the alleged breach of warranties was or should have been discovered.

Defendant in this proceeding has not raised the issue whether plaintiff's filings in fact concede the breach of warranty was discovered in 1978, nor the issue that the implied warranty was not one of repairability, as suggested in plaintiff's resistance to the motion, but of fitness, as alleged in the petition. He urges only that trial court erred in denying his motion on the ground the Iowa Code section 554.2725(2) discovery rule applied.

I. Because a sale of goods is involved, this case is governed by the Uniform Commercial Code. The parties agree our decision turns on the interpretation of Iowa Code section 554.2725(2), which provides:

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Applying this statute, the alleged breach of warranty in this case occurred in July 1978, when the sweeper was delivered, regardless of plaintiff's lack of knowledge of the breach, unless the implied "warranty [of fitness] explicitly extend[ed] to future performance of the goods and discovery of the breach must await the time of such performance," in which case plaintiff's cause of action occurred when the breach was or should have been discovered.

II. We hold the implied warranty of fitness pleaded in plaintiff's petition did not *explicitly* extend to the future performance of the sweeper. There is a basic tension between the words "implied" and "explicit" which, at least in the circumstances of this case, is not released. The word "explicit" is defined as "full clear expression being without vagueness or ambiguity: leaving nothing implied," and synonyms for the word "explicit" include "express," "definite," and "specific." *Webster's Third New International Dictionary* 801 (1976).

In this instance plaintiff's reliance on *Brown v. Ellison*, 304 N.W.2d 197 (Iowa 1981), is misplaced. That decision merely held "the discovery rule is applicable to cases arising from express and implied warranties," *id.* at 201, but at the same time we pointed out that

> [t]his holding, of course, does not apply to situations in which statutes expressly provide that a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.

*Id.* (citing Iowa Code § 554.2725 (1979)). The contract in *Brown* obviously did not involve a contract for sale of goods. *See* Iowa Code §§ 554.2105(1), .2106(1) (1979). Consequently, Iowa Code section 554.-2725(2) was not implicated as it is here.

Plaintiff has cited no authority other than *Brown* to support its contention this situation falls within the explicit warranty of future performance provision. In contrast, the almost universal rule is that a garden-variety implied warranty of fitness will not satisfy this limitation on the statutory discovery rule. *See, e.g., Stumler v. Ferry-Morse Seed Co.*, 644 F.2d 667, 671 (7th Cir.1981); *Clark v. DeLaval Separator Corp.*, 639 F.2d 1320, 1325 (5th Cir. 1981); *Standard Alliance Industries, Inc. v. Black Clawson Co.*, 587 F.2d 813, 820 (6th Cir.1978), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979); *Holdridge v. Heyer-Schulte Corp.*, 440 F.Supp. 1088, 1104 (N.D.N.Y.1977); *Wright v. Cutler-Hammer, Inc.*, 358 So.2d 444, 445–46 (Ala.1978); *General Motors Corp. v. Tate*, 257 Ark. 347, 352, 516 S.W.2d 602, 606 (1974); *Stoltzner v. American Motors Jeep Corp.*, 127 Ill.App.3d 816, 819–20, 82 Ill. Dec. 909, 911, 469 N.E.2d 443, 445 (1984); *Rutland v. Swift Chemical Co.*, 351 So.2d 324, 325–26 (Miss.1977); *Grand Island School District v. Celotex Corp.*, 203 Neb. 559, 567–68, 279 N.W.2d 603, 609 (1979); *Sponseller v. Meltebeke*, 280 Or. 361, 365 n.2, 570 P.2d 974, 976 n. 2 (1977); *Southerland v. Northeast Datsun, Inc.*, 659 S.W.2d 889, 892 (Tex.Civ.App.1983); *Southern Burlington School District v. Calcagni-Frazier-Zajchowski Architects, Inc.*, 138 Vt. 33, 48, 410 A.2d 1359, 1366 (1980); 5 R. Anderson, *Anderson on the Uniform Commercial Code* § 2–725:90 (1984); 3 W. Hawkland, *Uniform Commercial Code Series* § 2–725:02, at 480 (1984); J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 11–9, at 419 n. 73 (2d ed.1980); Special Project, *Article Two Warranties in Commercial Transactions*, 64 Cornell L.Rev. 30, 270 (1978); Annot., 93 A.L.R.3d 690, 692 (1979). It is plain from these authorities the discovery rule did not apply in this case, and plaintiff's action was barred by the five-year statute of limitations. There was no

remaining issue of material fact. Trial court erred in overruling defendant's motion for summary judgment.

We reverse and remand for judgment for the defendant.

REVERSED AND REMANDED.