WOLFGANG SILLE, Plaintiff-Appellant, v. McCANN CONSTRUCTION SPECIALTIES COMPANY, Defendant-Appellee (Toyota Motor Sales, USA, Inc., Defendant).

First District (5th Division)   Nos. 1—93—1172, 1—93—1173 cons.

Opinion filed July 29, 1994.

COUSINS, J., concurring in part and dissenting in part.

Appeal from the Circuit Court of Cook County; the Hon. Kenneth A. Gillis, Judge, presiding.

James S. Komperda, of Park Ridge, for appellant.

John Lewis, of Keevers & Hittle, of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Wolfgang Sille (Sille), appeals orders of the circuit court of Cook County dismissing his complaint against McCann Construction Specialties Company (McCann). For reasons we shall explain, we affirm in part and reverse in part.

Before addressing the issues raised, we present the facts pertinent to this appeal. Since Sille's complaint was dismissed without trial, all well-pleaded facts alleged in the complaint are taken as true, but allegations which are mere conclusions, unsupported by facts, are not admitted. *Cunningham v. Huffman* (1992), 223 Ill. App. 3d 878, 585 N.E.2d 1140.

On October 5, 1988, Sille purchased a piece of construction equipment known as a skid steer loader from McCann. A year later, on October 7, 1989, Sille was injured while using the loader to remove debris when a large chunk of concrete fell from the bucket of the loader onto Sille's foot. After his injury Sille continued to use the loader even though he experienced the recurrent problem of objects falling from the bucket into the operator's compartment.

Sometime around January 1991 Sille spoke with one of McCann's employees regarding the loader, informing him of the problem he was experiencing. In February 1991 McCann provided Sille with a drawing, suggesting alterations that could be made to the loader to make it safer for the operator. Sille claims that it was at this point that he first realized that his 1989 injury could have been caused by a design defect in the loader.

Although Sille allegedly became aware of a design defect in the loader as of February 1991, he did not file suit at that time. In fact, Sille did not file suit until July 22, 1992, more than 2 1/2 years from the date of his injury and one year and five months from the date he allegedly discovered that a design defect existed. Sille claimed that his delay in filing his cause of action was due to the fact that he labored under a legal disability, namely, alcoholism.

According to an affidavit filed by Sille, at the time of the injury

he was suffering from the disease of alcoholism, which was in its "active stage." He further averred that his alcoholism caused him to be "unable to manage [his] personal affairs" until he sought treatment for his disease on or about March 17, 1992. Sille claims that, upon his release from treatment on or about April 17, 1992, he was able to resume managing his personal affairs and it was at this point that he contacted an attorney to seek advice on whether he had a cause of action. After contacting an attorney, Sille filed suit against Toyota Motor Sales, USA, Inc. (Toyota), the manufacturer of the skid loader, and McCann, the distributor, on July 22, 1992, alleging breach of warranty and strict liability in tort.

McCann and Toyota moved for dismissal of the claims against them, arguing that they were barred by the two-year statute of limitations. Judge Bonaguro dismissed the products liability count against Toyota in an order dated December 11, 1992, finding that Sille failed to file suit within the applicable two-year statute of limitations period. Sille appealed this ruling (appeal No. 1—93—0260).

Subsequently, Judge Gillis dismissed the products liability counts and the breach of warranty counts against McCann in orders dated March 4, 1993, and March 16, 1993, respectively. In doing so, the trial court rejected arguments advanced by Sille that a four-year statute of limitations applied to the breach of warranty counts and that his alcoholism served to toll the statute of limitations. Sille appealed these orders, as well (Nos. 1—93—1172 and 1—93—1173), and the three appeals were consolidated for our review.

The appeal involving Toyota (No. 1—93—0260) has been voluntarily dismissed by the parties. The appeals remaining before this court are Nos. 1—93—1172 and 1—93—1173, involving defendant McCann. Sille asks this court to review the dismissal of his complaint, raising these four issues: (1) whether alcoholism is a legal disability which tolls the running of the statute of limitations, (2) whether the "discovery rule" may be applied in this case where Sille received a sudden and traumatic injury, (3) whether McCann should be estopped from raising the limitations defense due to its alleged knowledge of the defective condition of the loader, and (4) whether a four-year statute of limitations applies to the counts in the complaint alleging breach of warranty.

OPINION

Section 13—213(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—213(d); 735 ILCS 5/13—213(d) (West 1992)) states:

"Notwithstanding the provisions of subsection (b) and paragraph

(2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred. In any such case, if the person entitled to bring the action was, at the time the personal injury, death or property damage occurred, under the age of 18 years, or under a legal disability, then the period of limitations does not begin to run until the person attains the age of 18 years, or the disability is removed."

●1 Sille's first argument is that alcoholism should be considered a legal disability for the purposes of this statute. He cites the Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1991, ch. 111$^{1}$/$_{2}$, par. 6351—1 *et seq.*), which defines an alcoholic as a person "who suffers from an illness characterized by preoccupation with alcohol which is typically associated with *physical disability* and impaired emotional, occupational or social adjustments." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 111$^{1}$/$_{2}$, par. 6351—3.) Sille then equates this legislative use of the term "disability" in the definition of alcoholism with a legislative intent to include alcoholism as a "legal disability." This innovative analogy, however, is a quantum leap for which we find no ground for safe landing.

Many impairments, both physical and mental, may be termed disabilities. All disabilities, however, are not *legal* disabilities, as that term is used within the statute cited above. Employing Sille's logic to its extreme, all persons who are either physically or emotionally challenged due to injury or genetic makeup would be immune from the law and the wheels of justice would grind to a halt every time a litigant broke a bone or caught a cold.

This court prefers to adhere to the judicial interpretations already ascribed to the term "legal disability." In *Tardi v. Henry* (1991), 212 Ill. App. 3d 1027, 571 N.E.2d 1020, when required to define "legal disability" for a jury, the trial court instructed them that a person who was legally disabled "was incapable of managing [his or] her person or property and could not comprehend [his or] her rights or the nature of the act giving rise to [his or] her cause of action." (212 Ill. App. 3d at 1040-41.) Other courts have held that, although a formal adjudication of disability is not required, the record must contain sufficient allegations of fact from which one could conclude that the person seeking to be found legally disabled was incompetent

or suffered from serious mental disorder which made that person "entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs." *Estate of Riha v. Christ Hospital* (1989), 187 Ill. App. 3d 752, 756, 544 N.E.2d 403, 40ʳ· see also *Passmore v. Walther Memorial Hospital* (1987), 152 Ill. Aₖ ₚ. 3d 554, 504 N.E.2d 778.

In the present case Sille filed an affidavit stating that, due to his alcoholism, he was unable to manage his personal affairs at the time of his injury. However, this is a legal conclusion, unsupported by any empirical evidence. Contrary to this conclusion, other portions of Sille's affidavit indicate that at the time of his injury, Sille, who was the owner of his own construction business, operated construction machinery on a regular basis. In addition, he was capable of contacting McCann, was able to relate the difficulty he was experiencing with the skid loader and, when told about alterations to the loader that might correct the problem, understood that the loader's original design may have been defective and that the defect might have caused his injury. Consequently, the evidence supports the conclusion that Sille, although an alcoholic, was not so physically or mentally impaired that he could not comprehend the nature of his injury and its implications. Therefore, we find that he may not be considered legally disabled for the purpose of tolling the statute of limitations.

●2 In his next point Sille cites case law for the proposition that, under the "discovery rule," the statute of limitations doesn't begin to run until the injured party knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused. Sille then argues that in this case the limitations period commenced, not when he was injured in October 1989, but rather in February 1991 when he contacted McCann, was shown a drawing on how to improve the skid loader and decided that his injury was due to a design defect. We find no merit to this argument.

It is true, as Sille contends, that when the discovery rule applies the statute of limitations begins to run when the injured person knows that he is injured and reasonably should have known that his injury was wrongfully caused. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864.) At that time the burden is placed upon the injured party to inquire as to the existence of a cause of action. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) Determining at what time the statute commences will most often be a question of fact for a jury to determine, but where there are undisputed facts from which only one conclusion may be drawn,

the question will be one for the court. *Witherell*, 85 Ill. 2d at 156, 421 N.E.2d at 874.

Although Sille correctly cites this case law, he has perverted the application of the standards to the facts of this case. The *Nolan* court also reaffirmed that, in general, when personal injury results from a sudden and traumatic event, the cause of action accrues and the statute commences to run when the plaintiff knew or should have known of the injury. (See also *Sharpenter v. Lynch* (1992), 233 Ill. App. 3d 319, 599 N.E.2d 464.) It is only when no sudden traumatic event has occurred that the "discovery rule" may be applicable. Furthermore, the *Nolan* court hastened to add that, even where the discovery rule applies, it should not be interpreted to mean that a cause of action accrues when a person knows or should know of both the injury and defendant's *negligent conduct*. (*Nolan*, 85 Ill. 2d at 170, 421 N.E.2d at 868.) Such a standard would be beyond the comprehension of the ordinary person and would require a legal conclusion. Rather, "wrongfully caused" refers to the point at which the injured party acquires sufficient information regarding the injury and its cause to be put on notice that further inquiry is necessary to determine whether a cause of action exists. See *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 415, 430 N.E.2d 976.

In the present case, a chunk of concrete fell out of the bucket of the skid loader and onto Sille's foot. Sille undeniably knew that he was injured by this sudden and traumatic event. Furthermore, due to the nature of the injury, Sille was placed on notice that the injury may have been wrongfully caused and he was duty-bound at that time to make inquiry to determine whether a cause of action existed.

We strongly disagree with Sille's interpretation of the statute as requiring only that inquiry be commenced within two years and a cause of action filed within eight years of the date that the injury occurred. The statute clearly states, and has been repeatedly interpreted to hold, that a cause of action must be commenced within two years of the date of injury, unless the nature of the injury is such that it could not reasonably have been discovered during that time.

●3 The next issue raised by Sille is whether McCann should be estopped from raising the statute of limitations defense due to its alleged knowledge of the design defect. This issue, however, can be summarily disposed of because, as Sille acknowledges, for the doctrine of estoppel to apply there must be some evidence that the plaintiff reasonably relied on the defendant's conduct or representations in forebearing suit. (*Neaterour v. Holt* (1989), 188 Ill. App. 3d 741, 749, 544 N.E.2d 846, 851-52.) In this case there is no such evidence. In fact, in Sille's argument on this point he states that Mc-

Cann's employee "admitted" that the loader was defective by providing Sille with a drawing which suggested modifications that could be made to make the loader safer for the operator. There is no allegation that McCann attempted to deceive Sille or acted in any way that caused Sille to be persuaded into believing that no cause of action existed. We fail to see how McCann's offer to modify the skid loader for a fee "lulled" Sille into a false sense of security or caused Sille to believe that the problem was his. There is absolutely no evidence that Sille detrimentally relied upon any assertions or representations made by McCann. For this reason, estoppel does not apply in this case.

●4 In Sille's last issue, he questions whether a two-year or four-year statute of limitations applies to the breach of warranty counts contained in his complaint against McCann. The trial court held that the injury to the plaintiff, not the theory of recovery, determined the applicable statute of limitations. Because Sille was seeking recovery for personal injury, the trial court dismissed the counts, finding that the two-year statute of limitations applied, not the four years provided by the Uniform Commercial Code (UCC or the Code) breach of warranty statute. We disagree.

In *Berry v. G.D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550, our Illinois Supreme Court specifically held that the four-year statute of limitation provided by section 2—725(1) of the UCC (Ill. Rev. Stat. 1969, ch. 26, par. 2—725(1)) applied to actions for personal injury predicated upon the theory of breach of implied warranty under the Code. (See also *Stoltzner v. American Motors Jeep Corp.* (1984), 127 Ill. App. 3d 816, 469 N.E.2d 443.) Section 2—725 of the UCC states:

> "(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action accrued. By the original agreement the parties may reduce the period of limitations to not less than one year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Ill. Rev. Stat. 1991, ch. 26, par. 2—725.

In his complaint against McCann, Sille alleged a breach of the implied warranty of fitness for a particular purpose pursuant to section 2—315 of the UCC (Ill. Rev. Stat. 1991, ch. 26, par. 2—315), as

well as a breach of the implied warranty of merchantability pursuant to section 2—314 of the UCC (Ill. Rev. Stat. 1991, ch. 26, par. 2—314). In accordance with section 2—725 of the Code, Sille's cause of action accrued at the time he purchased the skid loader, on October 5, 1988. Sille filed suit on July 22, 1992, less than four years from the date upon which the cause of action accrued. Consequently, counts III and IV of Sille's complaint against McCann alleging breach of warranty were timely filed and the trial court improperly dismissed these counts.

The cases cited by McCann, *Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 317 N.E.2d 505, *Neikirk v. Central Illinois Light Co.* (1984), 128 Ill. App. 3d 1069, 471 N.E.2d 1027, and *Williams v. Ali* (1986), 145 Ill. App. 3d 458, 495 N.E.2d 1052, are not applicable since none of these cases involve complaints alleging breach of warranty under the UCC.

For the reasons stated above, we affirm the trial court's March 4, 1993, order dismissing the counts predicated on strict liability in tort as time barred. However, we reverse the trial court's order of March 16, 1993, dismissing the counts against McCann predicated on breach of warranty, these counts having been brought within the applicable limitations period.

Affirmed in part; reversed in part.

McNULTY, J., concurs.

JUSTICE COUSINS, concurring in part and dissenting in part:
In the instant case, the majority opinion states "counts III and IV of Sille's complaint against McGann alleging breach of warranty were timely filed and the trial court improperly dismissed these counts." (265 Ill. App. 3d at 1058.) Although I concur with the holding as to other issues in the instant case, I respectfully dissent regarding the reversal of the trial court's dismissal of counts III and IV. Count III alleges breach of the implied warranty of fitness for a particular purpose under section 2—315 of the UCC (Ill. Rev. Stat. 1991, ch. 26, par. 2—315 (now 810 ILCS 5/2—315 (West 1992))), and count IV alleges breach of the implied warranty of merchantability under section 2—314 of the UCC (Ill. Rev. Stat. 1991, ch. 26, par. 2—314 (now 810 ILCS 5/2—314 (West 1992))).

Section 2—725 of the UCC provides in pertinent part:
"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." Ill. Rev. Stat. 1991, ch. 26, par. 2—725 (now 810 ILCS 5/2—725 (West 1992)).

In this case, the problem does not exist with the law. The problem exists with the application of the law. The majority is correct in noting that, in "*Berry v. G.D. Searle and Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550, our Illinois Supreme Court specifically held that the four-year statute of limitation provided by section 2—725(1) of the UCC (Ill. Rev. Stat. 1969, ch. 26, par. 2—725(1)) applied to actions for personal injury predicated upon the theory of breach of implied warranty under the Code." 265 Ill. App. 3d at 1057.

I note that the record establishes that during a hearing in the instant case, the trial court considered plaintiff's argument that the *Berry* holding was applicable. Relative thereto, the trial court, in considering the facts of *Berry*, stated:

> "THE COURT: In Berry versus Searle the personal injuries proximately resulted from the seller's breach of warranty. That is this was a case obviously involving pills, in this case birth control pills. And the Court found that the plaintiff's injuries directly resulted from the breach of implied warranty for consumers of this type that are distant and innocent users of certain products."

The trial court was mindful of *Schreiber v. Eastern Airlines, Inc.* (1976), 38 Ill. App. 3d 556, 348 N.E.2d 218. The trial court considered that *Schreiber* correctly states the law applicable to the instant case. In *Schreiber*, the court wrote:

> "Examination of decisions in this State indicates that the limitation period is to be determined by the type of injury sustained. In *Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 317 N.E.2d 505, our Supreme Court held that a five-year limitation period was applicable to an action for loss of consortium. The court said, 'We think that it is the nature of plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply. Where, as here, plaintiff has suffered no direct physical or mental injury the two-year statute is inapplicable.' (58 Ill. 2d 162, 163.) Conversely, in the present case plaintiff seeks recovery for direct physical and mental injury allegedly sustained as a result of defendant's conduct. [Citations.]" *Schreiber*, 38 Ill. App. 3d at 558-59.

See also *Neikirk v. Central Illinois Light Co.* (1984), 128 Ill. App. 3d 1069, 1072, 471 N.E.2d 1027, where, in affirming an order dismissing plaintiff's complaint, the court wrote:

> "[C]ases cited by plaintiff[ ] are not cases where a plaintiff is suing for direct personal injuries, as is the case here. Contrariwise, the applicability of the two-year limitation is determined by the nature of the injury resulting to the plaintiff, and not the form of the action."

I also note that during the hearing in the instant case, the

following statements were made by the court and attorneys for the parties:

"THE COURT: Shriver [sic] directs one to look at the type of injury sustained.

MR. LEWIS: Exactly, your Honor. And plaintiff here is not asking for repair of the—Very briefly, factually plaintiff was injured while using a piece of construction equipment, which was manufactured by Toyota and sold, distributed by McCann Construction Specialties. And plaintiff Mr. Sille was injured while he was using this piece of equipment.

He's not asking for repair of the skid loader. He's not asking for replacement of the skid loader. He's seeking purely damages for personal injury.

MR. KOMPERDA: Correct, Judge, everything he states is correct.

With regard to the warranty counts I just want the Court to recognize that the Illinois Supreme Court in Berry versus G.D. Searle has said that the UCC four year statute of limitations applies to warranty actions even if the action involves personal injury. So I would ask the Court to rely on the Supreme Court. Shriver [sic] is an Appellate Court case, Judge."

There is no dispute about the facts in the instant case and the real dispute isn't about the law. The real dispute is about the application of the law. *Berry* was a warranty action which involved personal injury. The instant case is an action where plaintiff is seeking purely damages for personal injury. Therefore, *Schreiber* and *Neikirk* state the law which is particularly applicable due to the nature of the injury in this case.

Accordingly, the judgment of the trial court should be affirmed.