703 N.E.2d 413 (1998)
301 Ill. App.3d 123
234 Ill.Dec. 552
In re John DOE (John Doe, Through His Mother As Next Friend, Plaintiff-Appellant,
v.
The Catholic Archbishop of Chicago, a Corporation, Clerics of St. Viator Religious Order, a Corporation, Indiv. and d/b/a St. Viator High School, Defendants-Appellees).
No. 1-97-4643.
Appellate Court of Illinois, First District, Fourth Division.
October 15, 1998.
*414 Michael J. Brennan, Orland Park, for Plaintiff-Appellant.
Carrie K. Huff, Mayer, Brown & Platt, Chicago, for Defendants-Appellees.
Presiding Justice SOUTH delivered the opinion of the court:
Plaintiff, John Doe, through his mother and next friend, appeals from an order of the circuit court of Cook County dismissing his amended complaint against defendants, the clerics of St. Viator High School (St. Viator).
Plaintiff's two-count amended complaint seeks recovery for damages arising out of an alleged sexual abuse committed against him from 1980 to 1987 by a teacher and counselor at St. Viator. Count I of the amended complaint alleged institutional negligence against the Catholic Archbishop of Chicago (the Bishop), the clerics and St. Viator for failing to prevent the abuse. Count II alleged willful and wanton conduct. The alleged perpetrator died in 1988. Plaintiff's claims against the Bishop were dismissed with prejudice. Defendant filed a section 2-619 motion to dismiss based on plaintiff's failure to commence this action within the two-year statute of limitations period (735 ILCS 5/2-619 (West 1996)). The court granted defendant's motion to dismiss plaintiff's amended complaint for not being timely filed under section 13-211 of the Code of Civil Procedure (735 ILCS 5/13-211 (West 1996)).
Plaintiff was born on July 12, 1966. On July 12, 1996, when he was 30 years old, plaintiff filed a complaint alleging childhood sexual abuse by a former teacher and counselor who taught at St. Viator. The complaint alleged that the abuse began in 1980 when plaintiff was a 14-year-old student at St. Viator and continued until 1988. Defendants filed a motion to dismiss under section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 1996)). In their motion, defendants argued that the two-year statute of limitations applicable to a minor began to run on July 12, 1984, when plaintiff reached the age of 18 and ended on July 12, 1986, when plaintiff turned 20. Defendants also contended that plaintiff's allegations of laboring under a legal disability due to attention-deficit disorder and post-traumatic stress syndrome were insufficient as a matter of law to toll the statute of limitations.
On May 19, 1997, defendants served plaintiff with a request to admit facts. Specifically, the request asked plaintiff to admit that in 1984, plaintiff graduated from St. Viator and applied for admission to and was accepted by Concordia College in River Forest, Illinois, where he began his studies in the fall of 1985; that in 1987, plaintiff applied for admission and was accepted by Concordia College in California; that in 1989, plaintiff was awarded a bachelor of arts degree from Concordia College; and that in 1996, plaintiff was awarded a master of arts degree from California State University in Fullerton. The request also asked plaintiff to admit that in November 1985, he consulted a physician because he had engaged in sexual contact with a man and feared that he might have contracted AIDS. Plaintiff neither admitted, denied nor objected to the request for admissions within the 28 days permitted by Supreme Court Rule 216 (134 Ill.2d R. 216).
*415 In response to defendant's motion to dismiss, plaintiff submitted a letter from his therapist, I. Lee Gislason, M.D., dated July 15, 1997. In the letter, Dr. Gislason stated that he had been treating plaintiff for the past two years for post-traumatic stress disorder; that plaintiff has autism and is "totally mentally and functionally incapable of making completely voluntary and informed decisions about his personal care and support and he is unable to attend to his personal matters without assistance."
Defendants moved to strike Dr. Gislason's letter as unsworn and consisting solely of conclusions rather than facts admissible into evidence. On June 5, 1997, the court granted defendants' motion to strike and allowed plaintiff leave to file a replacement affidavit that would comply with Supreme Court Rule 191 (134 Ill.2d R. 191). On July 28, 1997, plaintiff sought leave to amend his complaint to incorporate all of his theories of legal disability that were listed in his therapist's letter. He filed his amended complaint on August 7, 1997, along with a response to defendants' May 1997 request to admit facts. At no time did plaintiff seek leave to file a late response to the request to admit facts.
In his amended complaint, plaintiff alleged that at all times relevant to the case, he suffered from "post-traumatic stress disorder, autism, attention-deficit hyperactivity disorder, auditory perception disability, social imperception and social-emotional developmental delay with concurrent deficits and impairments in adaptive behavior relative to his age," and "requires the appointment of a guardian for life decisions, financial matters and affairs for life."
On September 29, 1997, plaintiff filed a second response to defendants' request for admissions in which he denied the two requests relating to consultations with his physicians and counselor. On October 6, 1997, the court granted defendants' motion to dismiss the amended complaint, holding that Dr. Gislason's affidavit was insufficient to raise a question of fact as to whether plaintiff had a legal disability that prevented him from filing the lawsuit during the two-year limitations period. Because plaintiff never requested leave to file a late response to defendant's requests to admit facts, the court considered the facts admitted. The court found that because plaintiff attended college, sought counseling and consulted with a physician because he had a fear of AIDS during the two-year statute of limitations period, the affidavit did not raise a question of fact as to whether plaintiff was legally disabled. The court denied plaintiff's motion to reconsider.
The purpose of a motion to dismiss under section 2-619 is to afford litigants a means to dispose of issues of law and easily proved issues of fact at the outset of a case, reserving disputed questions of fact for a jury trial. Zedella v. Gibson, 165 Ill.2d 181, 185, 209 Ill.Dec. 27, 650 N.E.2d 1000 (1995). On appeal, the standard of review is de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116, 189 Ill.Dec. 31, 619 N.E.2d 732, 735 (1993).
Plaintiff argues that the court erred by dismissing his claim as being time barred. Specifically, plaintiff contends that he was legally disabled during the statute of limitations period, thereby tolling the commencement of the limitations period.
The circuit court granted a dismissal in favor of defendants because plaintiff's complaint was not filed within the two-year statute of limitations period applicable to childhood sexual abuse actions. The alleged acts which form the basis for the lawsuit occurred between 1984 and 1988. Plaintiff's complaint was not filed until July 12, 1996, approximately eight years after the date of the last incident. Section 13-211 of the Code of Civil Procedure tolls the statute of limitations for minors and persons who are under a legal disability. The statute reads in pertinent part: "If the person is entitled to bring an action, specified in Sections 13-201 through 13-210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or under legal disability * * * he or she may bring the action within 2 years after the * * * disability is removed." 735 ILCS 5/13-211 (West 1996).
A person suffers from a "legal disability" where he or she is "entirely without understanding or capacity to make or communicate decisions regarding his person and *416 totally unable to manage his [or her] estate or financial affairs." Estate of Riha v. Christ Hospital, 187 Ill.App.3d 752, 756, 135 Ill.Dec. 907, 544 N.E.2d 403 (1989). In a case where a legal disability is alleged, the record must contain sufficient allegations of fact from which one could conclude that the person seeking to be found legally disabled was incompetent or suffered from serious mental disorder which made that person entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs. Sille v. McCann Construction Specialties Co., 265 Ill.App.3d 1051, 1055, 202 Ill.Dec. 808, 638 N.E.2d 676, 679 (1994). In a personal injury case, a person is not legally disabled if he or she can comprehend the nature of the injury and its implications. Sille, 265 Ill.App.3d at 1055, 202 Ill. Dec. 808, 638 N.E.2d 676.
Plaintiff contends that his therapist's affidavit, which concludes that, due to his autism, plaintiff is "entirely without understanding or capacity to make or communicate decisions regarding his person," is sufficient to raise autism to the standard required for a legal disability. However, the therapist's affidavit recites the legal disability standard without providing a factual basis for its conclusion. In fact, the conclusion is unsupported by the other admitted facts in the record.
In this case, the court dismissed plaintiff's amended complaint finding that he did not allege sufficient facts to support his contention that he suffered under a legal disability. Additionally, the court considered the evidence that during the time plaintiff alleges he was under a legal disability, he applied to and graduated from college; consulted a physician regarding the possibility of contracting AIDS due to his physical relationship with a man; and enrolled in a master's degree program.
Plaintiff argues that autism is a legal disability for the purposes of this statute. He cites section 1-106 of the Mental Health and Developmental Disabilities Code (Ill.Rev. Stat.1991, ch. 91½, par. 1-106), which defines a developmental disability as: "[A] disability which is attributable to: (a) mental retardation, cerebral palsy, epilepsy or autism * * *. Such disability must originate before the age of 18 years, be expected to continue indefinitely, and constitute a substantial handicap." Plaintiff attempts to equate this legislative use of the term "disability" in the definition of a developmental disability with an intent to include autism as a "legal disability". Simply because autism is considered a developmental disability does not grant it automatic status as a legal disability. Plaintiff may consider himself mentally impaired to some degree; however, many impairments both physical and mental may be termed disabilities, but all are not legal disabilities. See Sille v. McCann Construction Specialties Co., 265 Ill.App.3d 1051, 1055, 202 Ill. Dec. 808, 638 N.E.2d 676 (1994).
Therefore, plaintiff cannot be considered legally disabled for purposes of tolling the statute of limitations.
Accordingly, the judgment of the circuit court is affirmed.
Affirmed.
HOFFMAN and WOLFSON, JJ., concur.