**Dick L. ROY**

v.

**ARMCO, UNION WIRE ROPE DIVISION.**

**Civ. A. No. B–84–406–CA.**

United States District Court, E.D. Texas, Beaumont Division.

June 13, 1986.

**840**

Steven M. Rienstra, Rienstra & Rugg, Beaumont, Tex., for plaintiff.

Gay C. Brinson, Jr., Vinson & Elkins, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

The plaintiff brought this cause of action against the defendant for personal injuries sustained by him on April 26, 1980, alleging that his injuries were caused by defective equipment manufactured, produced, or distributed by the defendant Armco.

The plaintiff asserted four theories of legal liability: strict tort liability, negligence, breach of implied warranty, and breach of express warranty. The Honorable Robert M. Parker, Judge of the Eastern District of Texas, granted defendant's motion for summary judgment on February 28, 1985, as to the strict tort liability, negligence, and implied warranty theories, because these claims were time barred under the appropriate statute of limitations.

The defendant now moves for summary judgment as to the plaintiff's alleged express warranty theory, asserting that such a claim is also time barred, because any warranty, if made by the defendant, did not explicitly extend to future performance of the product. If the warranty did so extend explicitly into the future, the statute of limitations begins to run on the date of injury, and not the date of the delivery of the goods. If the plaintiff could avail himself of the explictness exception of V.T. C.A., *BUSINESS & C.* § 2.725(b), then the statute of limitations would not bar his remaining claim.

■ All warranties in a broad and undefined sense extend into the future. For that reason, courts will not infer from language of warranties terms of continuous performance which are not clearly and expressly stated. *South Burlington School District v. Calcagni-Fraizer-Zajchowski Architects, Inc.,* 138 Vt. 33, 410 A.2d 1359 (1980). A statement as to future performance is not explicit within the meaning of U.C.C. 2–725(2), unless it is clearly stated or distinctively set forth that there can be no doubt as to its meaning. *Binkley Co. v. Teledyne Mid-America Corporation,* 333 F.Supp. 1183 (E.D.Mo.1971), *affirmed* 460 F.2d 276 (8th Cir.1972). If there is any ambiguity it must be interpreted against the existence of such a warranty. *South Burlington School District, supra.* Until very recently, there was no specific authority in Texas defining a warranty which explicitly and expressly extends to the continuing and future satisfactory performance of a product.

In *Safeway Stores Inc. v. Certainteed Corp. and Certainteed Products Corp.,* 710 S.W.2d 544 (Tex.1986), the court stated, at p. 348:

> Express warranties that meet the explicitness exception of § 2.725(b) may extend to future performance. Courts construe the exception narrowly, with the emphasis on the term "explicitly" ... *For an express warranty to meet the exception it must make specific reference to a specific date in the future.* (Emphasis added)

■ The only evidence or exhibit produced by plaintiff to bolster his asserted claim of a warranty explicitly extending into the future is a single printed page apparently furnished by defendant to various wholesale suppliers of heavy commercial and industrial lifting equipment. Plaintiff points

to the following language in that brochure as sufficient to satisfy the requirements of § 2.725(b):

> From ... Union Wire Rope comes this complete line of slings—all designed for long life and fast, safe operation.
>
> All TUFFY Slings are proof-tested to twice their rated load limit....

Plaintiff presented no other summary judgment evidence by way of depositions, reports, affidavits, or other statements or representations attributable to defendant.

Thus, none of the summary judgment evidence produced by the plaintiff makes any specific reference to a specific date in the future. Under Texas law, as stated in *Safeway*, this court is compelled to grant the defendant's motion for summary judgment, and find that the plaintiff's claim that defendant made an express warranty explicitly extended to the future performance of the product in question is without merit.

It is, therefore, ORDERED, that the defendant's motion for summary judgment be GRANTED, and the plaintiff's complaint be DISMISSED.