J-A11040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROCK INVESTCO, L.P. (F/K/A ROCK INVESTCO, L.L.C.) | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| LM WIND POWER BLADES (USA), INC. | : : : | No. 599 WDA 2022 |

Appeal from the Order Entered April 19, 2022
In the Court of Common Pleas of Cambria County Civil Division at No(s):
No. 2021-000111

BEFORE: BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: MAY 22, 2023**

Rock Investco, L.P. (Rock Investco) appeals from the order of the Court of Common Pleas of Cambria County (trial court) granting summary judgment in favor of LM Wind Power Blades (USA), Inc. (LM Wind). We affirm.

In 2017, Rock Investco bought a wind farm in Cambria County. The wind farm had 30 turbines. During an inspection in 2019, inspectors discovered that one of the turbines had a cracked blade. The defective blade was produced by LM Wind and had been installed in 2013 before Rock Investco became owners of the wind farm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In April 2021, Rock Investco filed a three-count complaint against LM Wind alleging (1) breach of implied warranties of merchantability and fitness, (2) strict liability, and (3) negligence. After the strict liability and negligence counts were dismissed on preliminary objections, LM Wind moved for summary judgment on the remaining implied warranties claim. LM Wind argued that the claim was time-barred under the applicable four-year statute of limitations found at Section 2725 of the Uniform Commercial Code – Sales, which provides:

> **(a) General rule.**--An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> **(b) Accrual of cause of action.**--A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

13 Pa.C.S. § 2725(a)-(b).

Under § 2725, LM Wind argued, Rock Investco's breach of implied warranties claim accrued in 2013 when the defective blade was installed and not when the crack was discovered in 2019. For support, LM Wind cited **Nationwide Ins. Co. v. General Motors Corp.**, 625 A.2d 1172 (Pa. 1993). In **Nationwide**, the Pennsylvania Supreme Court held that the exception provided under § 2725(b) was inapplicable to implied warranty claims because

implied warranties do not explicitly extend to future performance. *Id*. at 1178. In its response, Rock Investco acknowledged **Nationwide** but urged the trial court to follow our Supreme Court's prior decision in **Cucchi v. Rollins Protective Services Co.**, 574 A.2d 565 (Pa. 1990), where, in the opinion announcing the judgment of the court, a plurality observed that "the better view is that warranties explicitly extending to future performance may be both express and implied by content and circumstances sufficiently specific as to unequivocally refer to future performance." **Id**. at 573.

After argument on the motion, the trial court granted summary judgment in favor of LM Wind. Rock Investco filed a timely appeal and a Pa.R.A.P. 1925(b) statement alleging that the trial court erred in granting summary judgment before Rock Investco could conduct discovery into whether the exception under § 2725(b) would be applicable to its implied warranty claim. Rock Investco reasserts the same argument in its brief, asserting, among other things, that our Supreme Court's decision in **Nationwide** did not close the door on § 2725(b) applying to breach of implied warranty claims. We disagree.[1]

_____

[1] Our standard of review of an order granting or denying summary judgment is well-settled:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is

*(Footnote Continued Next Page)*

In ***Nationwide***, the plaintiff sued for breach of a car warranty providing that the dealer would make necessary repairs for 12 months or 12,000 miles, whichever came first. The plaintiff sued the dealer for breach of express and implied warranties within four years of discovering the defect but not within four years of the tender of delivery. As a result, the timeliness of plaintiff's claims hinged on whether they fell under the exception under § 2725(b). Finding that the express warranty did not "explicitly extend to future performance of the goods," the trial court dismissed the actions because it deemed plaintiff's action as accruing on the date of delivery. After we affirmed, the Supreme Court granted allowance of appeal to address whether the warranties explicitly extended to future performance of the vehicle, in which case the action was timely filed, or whether the general rule regarding breach of warranty applied and the cause of action accrued upon tender of delivery, thus making the action untimely.

---

clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Siciliano v. Mueller***, 149 A.3d 863, 864 (Pa. Super. 2016). Moreover, the standard of review for issues involving the interpretation of a statute of limitations is *de novo* and the scope of review is plenary. ***See Erie Ins. Exchange v. Bristol***, 643 Pa. 709, 174 A.3d 578, 585 n.13 (2017).

Before addressing the claims, the **Nationwide** Court explained the reasoning for why warranty actions generally have a four-year statute of limitations that begins running on the date of delivery.

> In the ordinary case, a breach of warranty action accrues on, and suit must be filed within four years of, the date the seller tenders delivery of the goods, even if the breach is not apparent until after delivery has been tendered.  Section 2725 sets tender of delivery as the point at which the cause of action accrues because the section "presumes that all warranties, express or implied, relate only to the condition of the goods at the time of sale."  Max E. Klinger, *The Concept of Warranty Duration:  A Tangled Web,* 89 Dick.L.Rev. 935, 939 (1985) (hereinafter, "*A Tangled Web*").  Such warranties are breached, if at all, when the goods are delivered but do not meet that standard.  Of course, the deficiency contained in the goods may not be discovered by the buyer within four years of delivery.  However,
>
>> [i]n the usual circumstances, ..., defects are apt to surface within that time period, and the few odd situations where this is not the case, resulting in hardship to the buyer, are thought to be outweighed by the commercial benefit derived by allowing the parties to destroy records with reasonable promptness.
>
> William D. Hawkland, *Uniform Commercial Code Series* § 2-725:02, at 480 (1984).  **See** 13 Pa.C.S. § 2725, Uniform Commercial Code Comment (four year period "is most appropriate to modern business practice" because it "is within the normal commercial record keeping period").  Thus, in breach of warranty cases the four-year statute of limitations is **essentially a statute of repose**.[2] (Emphasis added).

_____

[2] As explained by our Supreme Court:

> A statute of repose is defined as a "statute barring any suit that is brought after a specified time since the defendant acted (such as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered a resulting injury."  BLACK'S LAW DICTIONARY 1451 (8th ed. 2004).  Thus,

*(Footnote Continued Next Page)*

*Nationwide*, 625 A.2d at 1174-75 (emphasis added).

With this in mind, the *Nationwide* Court first addressed whether a car's express warranty "explicitly" extends to future performance, thus bringing it within the grasp of § 2725's discovery exception. Finding that the express warranty did fall under the exception, the Court concluded that the cause of action for breach of express warranty was timely filed. *Id*. at 1178.

It, however, could not conclude the same about the plaintiff's claim for breach of implied warranties because the implied warranties of merchantability and fitness did not extend to the future performance of the

_____

> A statute of repose ... limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.
>
> *City of McKeesport v. Workers' Compensation Appeal Board (Miletti)*, 746 A.2d 87, 91 (2000) [(Nigro, J., dissenting)] (citations and emphasis omitted). While a statute of limitations merely bars a party's right to a remedy, a statute of repose completely abolishes and eliminates a party's cause of action. *Noll v. Harrisburg Area YMCA*, 537 Pa. 274, 281, 643 A.2d 81, 84 (1994).

*Eleanor Abrams, Executrix of the Estate of Kenneth Abrams v. Pneumo Abex Corporation*, 981 A.2d 198, 211 (Pa. 2009) (citations shortened).

car. In so doing, the Court first looked at the language of the warranty and

found that it did not create any implied warranties.

> The warranty contains the following language: "ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE APPLICABLE TO THIS CAR IS LIMITED IN DURATION TO THE DURATION OF THIS WRITTEN WARRANTY." We do not read this language as explicitly extending the terms of any implied warranties, because the document states that any implied warranties are of a duration *no longer than* that of the express warranty and not that they are of a duration *equal to* that of the express warranty. The quoted language does not create implied warranties, because such warranties are created not by contract language but by operation of law in certain circumstances. **See** 13 Pa.C.S. §§ 2314 and 2315. The legal effect of the quoted language is merely to limit the protection that the law might otherwise impose. Therefore, it cannot be read as the type of language that "explicitly extends to future performance" for purposes of § 2725(b)….

**Nationwide**, **supra** at 1178.

Besides the language of the warranty, the Court also noted that several

other courts have concluded implied warranties cannot "explicitly" extend to

future performance.

> In addition, the great weight of authority takes the position that an implied warranty, by nature, cannot "explicitly" extend to future performance. **See**, **e.g.**, **General Motors Corp. v. Tate**, 257 Ark. 347, 516 S.W.2d 602, 605-606 (1974); **City of Carlisle v. Fetzer**, 381 N.W.2d 627, 629 (Iowa 1986) (collecting cases); **Safeway Stores, Inc. v. Certainteed Corp.**, 710 S.W.2d 544, 546-548 (Tex.1986) (collecting cases); White & Summers, *Uniform Commercial Code* § 11-9, at 478 n. 17 (collecting cases); Hawkland, *Uniform Commercial Code Series* § 2-272 5:02, at 480; Anno., *What Constitutes Warranty Explicitly Extending to "Future Performance" for Purposes of UCC § 2-725(2),* 93 A.L.R.3d 690, § 2 (collecting cases).

*Nationwide*, *supra* at 1178. Accordingly, because the implied warranties did not explicitly extend to the future performance of the car, the plaintiff's claims of breach of implied warranties accrued on the date of delivery and, consequently, were untimely. *Id*.

A few years later, this Court addressed a similar scenario as that presented in *Nationwide*. In *Antz v. GAF Materials Corp.*, 719 A.2d 758 (Pa. Super. 1998), the plaintiff installed roof shingles on his new home in 1989. About four years later, the shingles showed signs of defects. As a result, in 1996, the plaintiff sued the manufacturer of the shingles for breaches of express warranty, warranty of merchantability and warranty of fitness for a particular purpose. After the trial court denied partial summary judgment, the parties submitted the matter to the trial court based on stipulated facts. The trial court found in favor of the plaintiff and awarded him damages, following which the manufacturer appealed to this Court.

On appeal, we recognized that the issue was whether the plaintiff's claims were barred by the statute of limitations since they were filed well beyond the general four-year limitations period for breach of warranty claims provided under § 2725. After reviewing § 2725, we explained that claims of breach of implied warranties, after *Nationwide*, cannot explicitly extend to future performance.

> Section 2725(a) permits an action to be brought within four years from tender of delivery of the goods. The shingles were delivered on August 1, 1989. The complaint was not filed until December 15, 1995, well beyond four years. However, the exception

outlined in § 2725(b) increases the period of limitations where the warranty explicitly extends to future performance of the goods and discovery of the breach must await future performance. In such instances a cause of action accrues when the breach is or should have been discovered. Implied warranties of merchantability and fitness for a particular purpose cannot explicitly extend to future performance. **Nationwide**, 625 A.2d at 1178. Therefore, claims for such warranties must be commenced within four years from tender of delivery.

**Antz**, **supra** at 760 (internal citation altered).

Based on **Nationwide**, this Court concluded that the plaintiff's claims for breach of the implied warranties of merchantability and fitness for a particular purpose were time-barred. In so concluding, we found that the plaintiff's claims "were not filed within four years after tender of delivery of the shingles and do not meet the exception under § 2725(b) as they cannot relate to future performance." **Id**. (citing **Nationwide**, **supra**).[3]

After **Antz**, Pennsylvania federal courts have consistently applied **Nationwide** and **Antz** in holding that the discovery exception under § 2725(b) do not apply to implied warranties. **See**, **e.g.**, **Allstate Prop. & Cas. Ins. Co. v. Haier US Appliance Solutions, Inc.**, 2022 WL 906049, at *11 (M.D. Pa. 2022) (finding implied warranty claim time-barred because

---

[3] While finding the plaintiff's claims for breach of implied warranties time-barred, this Court ultimately affirmed the judgment by finding that the plaintiff's damages were based on his claim for breach of express warranty, which we found was not time-barred and contained an unconscionable damages limitation barring recovery for labor costs of repair for the defective shingles. **Antz**, **supra** at 760-63.

"Pennsylvania courts hold implied warranties do not apply to the future performance of goods and, therefore, accrue on tender of delivery"); *Vullings v. Bryant Heating & Cooling Systems*, 2019 WL 687881, at *3 (E.D. Pa. 2019) (finding plaintiff's implied warranty claim time-barred because it accrued in 2005 when he purchased the defective furnace); *Cooper-Booth Trans. Co., L.P. v. Daimler Trucks of N. Am., LLC*, 2018 WL 1940527, at *3 (E.D. 2018) (finding implied warranty claims accrued upon tender of delivery in 2013 because *Nationwide* "implied warranties of merchantability and fitness for a particular purpose do not explicitly extend to future performance and the Section 2725(b) exception does not apply"); *Red Rose Transit Auth. v. N. Am. Bus Indus.*, 2013 WL 180201, at *6 (E.D. Pa. Jan. 16, 2013) (holding that claim of breach of implied warranty was untimely because implied warranties are breached at the time of delivery); *McCracken v. Ford Motor Co.*, 588 F.Supp.2d 635,642 (E.D. Pa. 2008) (holding warranty of merchantability claim time-barred under *Nationwide* because claim expired in 2003 four years after plaintiff purchased car); *Busche v. Monaco Coach Corp.*, 2006 WL 3302477, at *4 (E.D. Pa. 2006) (dismissing implied warranty claims as untimely because they accrued on the date tender of delivery was made); *Floyd v. Brown & Williamson Tobacco Corp.*, 159 F.Supp.2d 823, 83 (W.D. Pa. 2011) (finding breach of implied warranty time-barred because implied warranties of merchantability and fitness for a particular purpose cannot explicitly extend to future performance).

On appeal, Rock Investco asserts that the trial court should have allowed it more time to conduct discovery to determine whether its breach of implied warranties claim accrued on the date of discovering the defect in 2019 rather than the date of tender of delivery in 2013. "[P]arties must be given reasonable time to complete discovery before a trial court entertains any motion for summary judgment[.]" ***Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP***, 28 A.3d 916, 928 (Pa. Super. 2011) (citation and emphasis omitted). However, "[s]ummary judgment may be entered prior to the completion of discovery in matters where additional discovery would not aid in the establishment of any material fact. Thus, the question is whether additional discovery would have aided in the establishment of any material fact." ***Manzetti v. Mercy Hosp. of Pittsburgh***, 776 A.2d 938, 950-51 (Pa. Super. 2001) (citation omitted).

As shown by our discussion above, discovery would have been fruitless under these circumstances because implied warranties cannot explicitly extend to future performance under ***Nationwide*** and ***Antz***. ***See Nationwide***, ***supra*** at 1178; ***Antz***, ***supra*** at 760. We, thus, find no error in the trial court granting summary judgment when it did because Rock Investco's breach of implied warranties claim was untimely under § 2725 which, as was recognized in ***Nationwide***, acts as a statute of repose that begins running regardless of when the injury or defect is discovered.

Rock Investco nonetheless argues that this Court should ignore *Nationwide* and rely on the Pennsylvania Supreme Court's 1990 decision in *Cucchi* for the proposition that claims of breach of implied warranties may, depending on the circumstances and on what was said or represented at the time the transaction was entered into, "explicitly" extend to future performance. However, as the trial court aptly explained, *Cucchi*, which predates *Nationwide* and *Antz*, is of no precedential value in this case.

> First, *Cucchi* is a plurality decision of the Superior Court and its precedential value has been limited by our Supreme Court to its facts. *Keblish v. Thomas Equip., Ltd.*, 660 A.2d 38, 40 n.1 (1995). Second, the facts in *Cucchi* are readily distinguishable from the facts here. In *Cucchi*, a homeowner entered into a lease agreement for a burglar alarm that required a one-time installation fee and an ongoing monthly fee for service and maintenance related to the system. *Cucchi*, 574 A.2d 565, 566. The *Cucchi* plurality determined that the ongoing agreement for service and maintenance constituted an explicit agreement for future performance related to the burglar alarm such that the section 2725(b) exception was applicable and thus the SOL did not begin to run until the breach was discovered. *Id*. at 574-75.

> Here, there is no evidence that an agreement for future performance existed either in the form of a written agreement or by LM Wind having performed any future actions related to the blade or other blades installed at the wind farm after the initial installation….

Trial Court Opinion, 7/12/22, at 6-7.

Finding this discussion persuasive, we agree with the trial court and likewise find Rock Investco's attempts to invoke *Cucchi* as precedential or persuasive authority unavailing. Accordingly, we find that the trial court did

not err in granting summary judgment in favor of LM Wind and dismissing count one of Rock Investco's complaint alleging breach of implied warranties.[4]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/22/2023</u>

---

[4] Because we find that Rock Investco's claim of breach of implied warranties was time-barred, we need not address the trial court's additional finding that Rock Investco had sufficient time to conduct discovery but failed to diligently conduct discovery. **See Dockery v. Thomas Jefferson Univ. Hosps., Inc.**, 253 A.3d 716, 721 (Pa. Super. 2021) (stating "this Court is not bound by the reasoning of the trial court, and we may affirm the trial court on any valid basis") (citation omitted).